№ 19‑50377

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

——
——

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

v.

**JESUS RAUL SALAZAR-ESPINOZA,**

Defendant-Appellant.

——
——

Appeal from the United States District Court
For the Central District of California, U.S.D.C. 2:17‑cr‑00288‑AB‑1
The Honorable Andre Birotte, Jr., United States District Judge

——
——

**EXCERPTS OF RECORD**

**Volume 2 of  3**

——

Andrea Renee St. Julian
12707 High Bluff Dr., Ste. 200
San Diego, California 92130
Telephone: (858) 792-6366
Fax: (858) 792-6069
astjulian@san.rr.com
Attorney for appellant,
JESUS RAUL SALAZAR-ESPINOZA

ER 8

1  Angel Navarro (SBN) 155702
2  LAW OFFICE OF ANGEL NAVARRO
   1 S. Fair Oaks Avenue, Suite 401
3  Pasadena, CA 91105
   Tel.: (626) 390-6621
4  Fax: (213) 746-4435
5  e-mail: angel_navarro@me.com
   Attorney for Defendant
6  Jesus Raul Salazar-Espinoza

7

8              IN THE UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  United States of America,            Case No. 17-00288-AB

11          Plaintiff,                   LETTER RE: SENTENCING

12          vs.

13  Jesus Raul Salazar-Espinoza,

14

15          Defendant.

16

17       Defendant, Jesus Raul Salazar-Espinoza, by and through his counsel of record,

18  Angel Navarro, hereby submits the enclosed letter for this Court's consideration at the

19  upcoming sentencing hearing.

20

21       1.    A letter written by defendant, Jesus Raul Salazar-Espinoza, along with a

22             certified translation.

23

24                                        Respectfully submitted,

25

26

27  December 3, 2019                      /S/ Angel Navarro
    DATE                                  ANGEL NAVARRO
28                                        Attorney at Law

                      LETTER RE: SENTENCING

ER 9

TRANSLATION

I, Jesus Raul Salazar, 7/24/67, am writing this letter as a sick [man] to Honorable Judge Andre Birotte. I hope that when you read this letter you have the frame of mind that I have placed all my faith in our Lord Jesus Christ so that he can open your precious heart and understand me, Your Honor, so you can see me in a favorable light as a parent and that you give me another chance so that I can recuperate by my children's side, because I suffer from high blood pressure, cholesterol, and prostate problems. I cannot see out of my left eye. It started here. I had open heart surgery, they also removed four veins from my left leg that was placed in my heart, now my leg is swollen from the operation, everything hurts me. I beseech my Lord Jesus Christ to move your heart so that I could get released.

I know that in the past I have not behaved well, and I accept all the charges that I have been accused of doing; and I am truly remorseful. I will never again do such a thing, Your Honor. Also, I am sincerely asking Your Honor for forgiveness and from all the government agents and from Miss prosecutor. I beg you to please forgive me and I apologize and let you know that this will never happen again. Never again. I did everything and I accept responsibility. I am in your hands, Your Honor. I accept that I was wrong, doing what I did to give my family a better future, but thing didn't turn out as I planned.

I am truly 100% remorseful because I wasn't selling anything until my wife, Luz Perez, and her brother, Renato Perez, introduced me to a friend of theirs, but I didn't want none of that since I know that the ones from Michoacán are thieves and killers. I kept saying no but she was stubborn, so I told her I didn't even know where to get that from. Then she told me that her brother, Nato, worked with a cousin of theirs, named Francisco Manuel Payan Perez, and that they were going to introduce me to him so he could give me crystal. They introduced him to me and that's how they got me in this mess. I didn't know that it was ¼ until now when I found out that one of the guys who stole it [crossed out word] from me was here. He didn't know me; he didn't recognize me and so he started talking to me about how everything happened. Because when they robbed me, they tied me up and one told the other buddy how my wife told them to

1
Case: USA v Jesús Raúl Salazar CR17-288-AB
Translated by: Esther M. Hermida, FCCI

<span style="color:red">ER 10</span>

TRANSLATION

kill me and he would say not to. He had been told to kill me. They stole 200,000 0 dollars. All the problem started at that point because the owners of the merchandise came threatening me that if I didn't pay them back, they will kill my entire family. So, I had to leave my kids. I met a [illegible] beautiful girl by the name of Gabriela Sofia, that was the last straw since after that I started to look for the ones who had the crystal so I can work and pay it back. I kept getting phone calls telling me that if I didn't pay, they were going to kidnap my family to the point that I got more involved up to the time where I was picked up in South Gate on December 3, 2015. I haven't finished paying it off. That's when Renato Perez threaten to kill me because his cousin told him to take me back to Mexico to kill me there. I kept telling Liz Perez to say something since she had introduced me to the dude days [before] and she kept telling me that she had nothing to do with it, that it was my problem.

That is why I'm very scared to go back to Mexico, Your Honor. Please help me, I don't want to die. Please. I have a lot of kids and grandkids that need me. I haven't been with my 10-year-old daughter and 15-year-old son in a very long time. With all this that happened to me I used to sneak in to see them.

I, Jesus Salazar, beg you for another opportunity of being with them, in the name of my Lord Jesus Christ. I will help you with everything, just like with the death in 2008 that was clarified. If you allow me, I can continue to work with you, Your Honor. I am a sick man; I wouldn't want something to happen to me while I'm far from my kids. Help me please, in the name of our Lord Jesus Christ, I ask you to have mercy, leniency and compassion. I beg you from the bottom of my heart, give me another chance to prove everything that I'm telling you and I'm asking of you. I will show you that I will make it a reality. I'll work 24/7 to build a future and a better tomorrow for all my children so that they never struggle and suffer, like my youngest boy and girl. I beg you, sir. I no longer have a mom or a dad they died in '98 and 2000. My first wife died September 7, [19]99 and left me with three children: Elioniza, Raul, Julio. My 11-year-old girl and 10-year-old boy, and 2-month-old baby, Julio. If you only knew what it's like to lose the mother of your children all of a sudden and not being prepared for such a major situation, it's

2
Case: USA v Jesús Raúl Salazar CR17-288-AB
Translated by: Esther M. Hermida, FCCI

## TRANSLATION

enough to drive you crazy. I lost my father, my wife, my mother, my brother, Alfonzo in 2008, my sister Salome in 2017; my sister Salome's husband two months later, too. They left behind their six children while I was here in Federal [custody] sir. Now I've lost my left eye. I had open heart surgery. They replaced four veins removed from my left leg. I have diabetes, cholesterol, high blood pressure and prostate. I no longer feel the blow but the numbness of them. I, Jesus Salazar, plead guilty and I admit all the charges. I ask for forgiveness once again from all the agents and the prosecutor to reconsider and give me the chance to be with my children, I beg you, Your Honor. May our Lord Jesus Christ move you to give me what I ask of you, these are my best wishes. May God bless you and your family always, Honorable Judge. These are my most sincere and best wishes.

Jesus Raul Salazar Espinoza

7-24-67

[Translator's Note: Punctuation was added, and spelling errors in the original are not reflected in the translation to facilitate reading.]

## CERTIFICATION

I, Esther M. Hermida certified by the U. S. District Court for Spanish-English court interpreting, do hereby declare that the three (3) page document identified as Letter to the Judge in the case of USA v Jesús Raúl Salazar CR17-288-AB is a true and correct translation from Spanish to English of the original five (5) handwritten pages provided to me. The translation is accurate to the best of my knowledge and ability.

esta carta yo Jesus Raul Salazar 7 24 6 z
enfermo se la escribo a mi onorable Juez
Andreuw Birotte que es pero que al Leerla espero que
La lea con el pensamiento puesto en toda La Fe de
nuestro señor Jesucristo y abra su er mosa corazon
que Tiene ustede onorable Juez para que usteds me ponga
en sus buenos Pensamientos como padre de familia
y me de otra oportunidad de Recuperar me aLado de
mis Hijitos por que yo señor estoy enfermo de
alta Presion colesterol y Prostata y de mi Hojo
isquierdo no Miro aqui me enpeza y Me operaron
del corazon abierto de La Pierna izquierdo Me
quitaron Las cuatro Behas que me Pusiero en el corazo
y Tengo mi Pierna inctada por La operacion
Todo me duele Le Pido a mi señor Jesucristo que
Le Teque su coronsocito Para que me de La Liberta
onorable Juez yo se que en el Pasado me Porta do
mal yo acexto Todos Los cardo de los que se me
acusan y Tambien estoy sincera mente vien arrepentide
Letodo que nunca mas va a bolver a suceder onorable
Señor Tambien con Mas y Mi sinceros Pensamiento yo Les
Pido Perdon a usted onoroble señor y a Todo Los aJentes
del gobierno y a mi señorito Fiscal Les suplico que
Por fabor Me Perdonen v me disculpen no buelbe a Pasar
nada de esto nunca Mas si yo ise Todo Lo que ise.
Acexto Mi Responsalidad. y estoy en sus manos

señor mi onorable Juez yo acetto que estube
Mal pero todo lo ise por darLe un mejor futuro a mi
familia pero no salen Las cosa como uno espera
de en verdad estoy sienporsiento arrepentido porque yo
no vendia nada de eso Asta que mi esposa Luz perez
y su ermano Ronato perez ella me procento unamigo
de ella pero yo no queria andar en eso porque yo se
los de michoacan son vajadores y matones yo Le
desio que no y ella terca pues entonces yo Le dije
que yo no tenia donde conseguir eso y me dijo que
su ermano nato el trabajaba con un primo ermano de ellos
que se llama francisco manuel payan perez que me Lo
ivan a precentar para que el me diera el cristal
y ya me lo presentaron y de esa manera me metien
eso pero yo nunca supe que era un cuatro asta
que attora que estoy aqui me di cuenta porque aqui
estava unos de los vajadores que me Roboron el
sinconocerme y como yo andava bien varvon no me
conocio y me enpeso a platicar como avian sido
todo porque cuando me Roboron me amarraron y unos
de ellos Le decia al compa dios amigo de mi esposque
me matara y el les decia que uno que Le avian
dicho que no me mataran me Roboron 200.0000 Dolares
y desde ayi enpeso mi des pero porque yegaron los dueños
de lo mercancia amenasarme que si no Los pagava me

ER04

Ivan amator con toda Lafamilia y Tube que Retirorme
de mis Hijos academocerMe una ermosaniña que se yama
Gabriela sofia eso Lagota que de ramo el vaso Porque de
ayi Paca enpese abuscar quien Tenia cristal
Para trabuJar y vender Papagarles Porque cobes mas Me
Me ablavon Portelefono que si no Pagaba me Ivan
aLeVantar Lafamilia asta que me enRede mas y me
asta el Ponto cuando me agororo en seiosH gate
el 3 de diciembre del 2015 y Todavia ho Les
acabo de Pagar escendo Renato Perez me
Amenaso de muerte Basque Pagaro Porque su Primo
Ledijo que me sacora Para Mexio Para matorme aya
y yo Le decia aLuz Perez que diJera algo que ella
Meabia Precentado al compadias y ella me contesto
que ella noTe hia nada que acer que eso Mi
problema Por eso Tengo mucho miedo iramedic
onorable señor ayudeme yo no me quiero Morir
Por fabor Tengo muchos Hijos y nietos que Les ago
Mucha falta una Hijita de diez años de edad
y un Hijito 15 años que no estado conellos
el tiempo completo con todo esto que me Paso Pora
que no melos lSieran algo siempra Los miraba
a escondida yo Jesus Salozar Le Ruego Le
suplico que me ayude y mede la oPortonidad
de estar conello en el hombre de mi señor Tesucristo

ER 15

que yo les ayudo en todo agi como se
esclarigia lo dela muerte en el 2008
Y si estedes melo Permiten sigo trabaJando
con ustedes onorable señor Juez yo estoy enfermo
y no quisiera que me Pasara algo LeJos demis
HiJos ayudome Porfabor en el nombre de
nuestro señor Jesucristo selo pido que Tenga
Piedad clemencia y compacion de corazon selopido
dome Otra oPortunidad Para demostrales
deTodo que Ledigo y Les Pido loVoy acer Rialidad
TrabaJar 24-7 Para acer un Futuro y Porbenir
Para Todos mis HiJos y nunca anden paTallonido
y sufriendo mi niña y mi niño mas cHiquiTo selo
Ruego señor yo ya no Tengo mama ni papa
ya follesiero en el 98 y 2000 y mi Primera
esPosa fallesio el 99. seTiPbre 7 Medato 3
HiJos elioniza Raul JULIO mi niña 11 años y
y mi niño 10 años y a mi niño Julio de 2 meses
denacido si usTed supiera lo que es Perder
a un madre demis HiJos de RePente donde no esta
Preparado Para una siTuacion de esta manixt
Tan grande que Te queres VolVer loco Piedo A
Mi PaPa a mi esPosa 4 mi mama 4 mi ermano
alfonzo en el 2008- y a mi ermana saba me en
el 2017 y suesPoso demi ermana solame a los
2 meses Tambien follece y deJan 6 HiJas

ER 16

estando aqui en La Federal señor y aora
yo Pardiendo el ojo izquierdo operado del
Corazon abierto Me cambian cuatro venas que
me quitan de mi pierna izquierdo con diabetes
colesteral alta Precion Prostata. Ya no siento Los
golPes sino Lo tuPido de ellos yo Jesus salazar
Me doy culPable y reconosco Todos mis cargos
y otra bes Les Pido Perdon aTodos Los aventes
de gobierno y a mi, fiscal que reca Pacite y me
de La oPortunidad deestar con mi niños solo
Ruego a mi onorable señor Juez que
Toque nuestro señor Jesucrito Puedelo
UNo Le Pido y son mis mejores deseos.
Onorable señor Juez que dias melo
vendiga siempre siempre a usted y aToda
su familia que son mis mas sinceros y
mejores deseos

Jesus Raul salazar EsPinoza

724.67

ER 17

## **PROOF OF SERVICE**

I, **Angel Navarro**, declare that I am a resident or employed in Los Angeles County, California; that my business address is: 1 S. Fair Oaks Avenue, Suite 401 Pasadena, CA 91105, that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Law Office of Angel Navarro, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached document entitled: Letter Re: Sentencing:

| [ ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows: | [ ] Placing same in an envelope for hand delivery addressed as follows: | [ ] Placing same in a sealed envelope for collection and mailing via the United States Post Office addressed as follows: | [ x ] Sending same via e-mail to officer's known e-mail address. |

**Alexis Denise Rodriguez**
**Alexis_Rodriguez@cacp.uscourts.gov**

This proof of service is executed at Los Angeles, California, on December 3, **2019**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____/s/_____
**Angel Navarro**

LETTER RE: SENTENCING

Angel Navarro (SBN 155702)
e-mail: angel_navarro@me.com
1 S. Fair Oaks Avenue, Suite 401
Pasadena, CA 91105
Office (626) 390-6621
Fax (213) 746-4435

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NUMBER: |
|---|---|---|
| United States of America, | | CR 17-00288-AB |
| | PLAINTIFF(S) | |
| v. | | **NOTICE OF MANUAL FILING** |
| Jesus Raul Salazar-Espinoza, | | **OR LODGING** |
| | DEFENDANT(S). | |

PLEASE TAKE NOTICE:

Pursuant to Local Rule 5-4.2, the following document(s) or item(s) are exempt from electronic filing, and will therefore be manually ☑ Filed ☐ Lodged: **(List Documents)**
Document, Application, Alternate Orders

**Reason:**

☑ Under Seal

☐ In Camera

☐ Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐ Per Court order dated: _____

☐ Other:

| | |
|---|---|
| November 24, 2019 | Angel Navarro  /s/ |
| Date | Attorney Name |
| | Jesus Raul Salazar-Espinoza |
| | Party Represented |

*Note:   File one Notice of Manual Filing or Lodging in each case, each time you manually submit a document(s).*

ER 19

LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney, Cyber Crimes Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER: |
| PLAINTIFF(S) | CR 17-288-AB |
| v. | |
| JESUS RAUL SALAZAR ESPINOZA | **NOTICE OF MANUAL FILING OR LODGING** |
| DEFENDANT(S). | |

PLEASE TAKE NOTICE:

Pursuant to Local Rule 5-4.2, the following document(s) or item(s) are exempt from electronic filing, and will therefore be manually ☑ Filed ☐ Lodged: (**List Documents**)

GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT [FILED UNDER SEAL]; DECLARATION OF LAUREN RESTREPO [FILED UNDER SEAL]; PROPOSED ORDER SEALING DOCUMENT [FILED UNDER SEAL]; GOVERNMENT'S SEALED DOCUMENT [FILED UNDER SEAL] (WITH SERVICE ON PARTIES).

**Reason:**

☑ Under Seal
☐ In Camera
☐ Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)
☐ Per Court order dated: _____
☐ Other:

August 27, 2019
_____
Date

/s/ Lauren Restrepo
_____
Attorney Name

United States of America
_____
Party Represented

*Note: File one Notice of Manual Filing or Lodging in each case, each time you manually submit a document(s).*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - CHANGE OF PLEA

| Case No. | CR 17-00288-AB | Date | November 2, 2018 |
|----------|----------------|------|------------------|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|------------------------|------------------------------------------------------|
| Spanish Interpreter: | F. Javier Villalobos |

| Carla Badirian | Chia Mei Jui | Lauren Restrepo |
|----------------|--------------|-----------------|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Custody | Bond | Attorney(s) for Defendant(s): | Present | App. | Ret. |
|--------------------------|---------|---------|------|-------------------------------|---------|------|------|
| Jesus Raul Salazar-Espinoza | √ | √ | | Angel Navarro, CJA | √ | √ | |

**Proceedings:** CHANGE OF PLEA (Held and Completed)

Defendant moves to change plea to the Indictment.

Defendant now enters a new and different plea of Guilty to Counts 1 and 4 of the Indictment.

The Court questions the defendant regarding plea of Guilty and finds it knowledgeable and voluntary and orders the plea accepted and entered.

The Court refers the defendant to the Probation Office for investigation and report and continues the matter to **Friday, May 3, 2019, at 1:30 p.m., for sentencing.**

The Court vacates the Jury Trial date.

The Court orders this matter referred to the U.S. Probation Office for a presentence investigation and preparation of a presentence report. The report is to be disclosed to the defendant thirty-five (35) days prior to sentencing unless the minimum period is waived.

The Court recommends that the defendant be seen, as soon as possible, to be given an examination for his diabetic condition.

cc:     USPO, PSA, MDC, BOP

|  | 00 | : | 45 |
|---|----|---|----|
| Initials of Deputy Clerk | | | |
| | CB | | |

**ER 21**

```
 1                    UNITED STATES DISTRICT COURT

 2          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3          HONORABLE ANDRÉ BIROTTE JR., U.S. DISTRICT JUDGE

 4

 5   UNITED STATES OF AMERICA,        )
                                      )
 6                    PLAINTIFF,      )
                                      )
 7            vs.                     ) No. CR 17-0288-AB
                                      )
 8   JESUS RAUL SALAZAR-ESPINOZA,     )
                                      )
 9                    DEFENDANT.      )
     _____)

10

11

12

13               REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                   FRIDAY, NOVEMBER 2, 2018

15                         1:45 P.M.

16                   LOS ANGELES, CALIFORNIA

17

18

19

20

21

22   _____

23            CHIA MEI JUI, CSR 3287, CCRR, FCRR
                FEDERAL OFFICIAL COURT REPORTER
24              350 WEST FIRST STREET, ROOM 4311
                 LOS ANGELES, CALIFORNIA 90012
25                  cmjui.csr@gmail.com
```

```
1    APPEARANCES OF COUNSEL:

2    FOR THE PLAINTIFF:

3            OFFICE OF THE UNITED STATES ATTORNEY
             BY: LAUREN RESTREPO
4            ASSISTANT U.S. ATTORNEY
             312 NORTH SPRING STREET
5            13TH FLOOR
             LOS ANGELES, CALIFORNIA 90012
6            (213) 894-2434

7
     FOR THE DEFENDANT:
8
             ANGEL NAVARRO, ATTORNEY AT LAW
9            1 SOUTH FAIR OAKS AVENUE
             SUITE 401
10           PASADENA, CALIFORNIA 91105
             (626) 390-6621
11

12

13   ALSO PRESENT:

14           F. JAVIER VILLALOBOS, Spanish interpreter

15

16

17

18

19

20

21

22

23

24

25
```

CHIA MEI JUI, CSR 3287, CRR, FCRR
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1            LOS ANGELES, CALIFORNIA; FRIDAY, NOVEMBER 2, 2018

 2                            1:45 P.M.

 3                              - - -

 4            THE CLERK:  Calling CR 17-0288-AB, United States

 5   of America versus Jesus Raul Salazar-Espinoza.

 6            Counsel, please step forward and state your

 7   appearances.

 8            MS. RESTREPO:  Good afternoon, Your Honor.

 9   Lauren Restrepo on behalf of the United States.

10            THE COURT:  I almost didn't recognize you,

11   Miss Restrepo.  Good to see you again.

12            MR. NAVARRO:  Your Honor, good afternoon.  Angel

13   Navarro on behalf of Mr. Salazar who is making his way

14   inside.

15            THE COURT:  Good to see you, Mr. Navarro.

16            We have our court interpreter.  If we can please

17   have our dear friend identify himself for the record,

18   please, Mr. Villalobos.

19            THE INTERPRETER:  F. Javier Villalobos, Spanish

20   language interpreter, oath on file.

21            THE COURT:  Thank you for being here this

22   afternoon.

23            This originally was on for status conference, but

24   I have seen some pleadings that have been filed in the

25   meantime.  So we're going to go through a change of plea; is
```

```
 1   that correct?

 2              MS. RESTREPO:  That's correct, Your Honor.

 3              MR. NAVARRO:  Yes, Your Honor.

 4              THE COURT:  We'll await your client.

 5        (The defendant enters the courtroom.)

 6              MR. NAVARRO:  Thank you, Your Honor.  We're ready.

 7              THE COURT:  All right.  Let me just get my notes

 8   on this.

 9              MR. NAVARRO:  Could I have a second, Your Honor?

10              THE COURT:  Absolutely.  Take your time.

11        (Brief pause in the proceedings.)

12              THE COURT:  Are we ready?

13              MR. NAVARRO:  Yes, Your Honor.

14              THE COURT:  I understand we are here today because

15   Mr. Salazar-Espinoza wants to enter pleas of guilty to

16   Counts 1 and 4 of the Indictment; is that correct,

17   Mr. Navarro?

18              MR. NAVARRO:  Correct, Your Honor.

19              THE COURT:  Sir, we're going to be here for about

20   30 or 40 minutes.  Okay?  Before I can accept your plea, I

21   have to be sure that you are fully informed of all of your

22   rights and that you understand those rights and what's

23   happening here this afternoon.

24              I am going to ask you a number of questions.  I am

25   going to inform you of the rights that you have, but if
```

```
 1   there is anything that I say that you don't understand,
 2   please let your lawyer know or let me know, and we will do
 3   what we can to try to explain it to you.  All right, sir?
 4   Because this is very important, an important decision for
 5   you, and I need to make sure that you understand the
 6   consequences of your plea.  All right, sir?
 7            THE DEFENDANT:  Okay.
 8            THE COURT:  All right.  So we're going to place
 9   you under oath at this time.
10            THE CLERK:  Please raise your right hand.
11            You do solemnly swear that you will make true
12   answers to such questions that the Court will ask you
13   regarding your change of plea, so help you God?
14            THE DEFENDANT:  Yes.
15            THE COURT:  All right.  Sir, you have now been
16   placed under oath and so, if you answer any of my questions
17   falsely, those answers could be used in a later prosecution
18   for perjury or for making a false statement.  Do you
19   understand that, sir?
20            THE DEFENDANT:  Yes.
21            THE COURT:  Do you understand that you also have
22   the right to remain silent and not answer any of my
23   questions?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Do you give up that right, sir?
```

```
1              THE DEFENDANT:  Yes.

2              THE COURT:  And what is your true and correct full

3    name?

4              THE DEFENDANT:  Jesus Raul Salazar-Espinoza.

5              THE COURT:  And how old are you, sir?

6              THE DEFENDANT:  Fifty-one.

7              THE COURT:  All right.  How many years of school

8    have you completed?

9              THE DEFENDANT:  Six.

10             THE COURT:  Have you been treated recently for any

11   mental illness or addiction to narcotics of any kind?

12             THE DEFENDANT:  No.

13             THE COURT:  Are you under the influence of any

14   drug, medication, or alcoholic beverage of any kind?

15             THE DEFENDANT:  No.

16             THE COURT:  Have you had any drugs, medication, or

17   alcohol within the last three days?

18             THE DEFENDANT:  No.  No.

19             THE COURT:  Do you suffer from any mental

20   condition or disability that would prevent you from fully

21   understanding the charges against you and the consequences

22   of your plea?

23             THE DEFENDANT:  No.

24             THE COURT:  So, Mr. Navarro --

25             MR. NAVARRO:  May I have a second, Your Honor?
```

CHIA MEI JUI, CSR 3287, CRR, FCRR
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

ER 27

```
 1              THE COURT:  Absolutely.
 2         (Brief pause in the proceedings.)
 3              MR. NAVARRO:  Thank you, Your Honor.  I was
 4    advising my client to let you finish your question.  He
 5    understands a lot of English so he is getting ahead of
 6    himself.
 7              THE COURT:  Sir, we have time.  So if you need me
 8    to ask the question again, don't hesitate.  Okay?
 9              THE DEFENDANT:  Okay.
10              THE COURT:  All right.
11              Mr. Navarro, have you talked to your client about
12    these proceedings?
13              MR. NAVARRO:  We have, Your Honor.
14              THE COURT:  And do you have any reason to believe
15    that Mr. Salazar-Espinoza should not go forward with this
16    plea today?
17              MR. NAVARRO:  No, Your Honor.
18              THE COURT:  Do you believe he is in possession of
19    his faculties and is competent to proceed?
20              MR. NAVARRO:  He is, Your Honor.
21              THE COURT:  Based on the statements of the
22    testimony and his counsel and my own observations, I do find
23    that Mr. Salazar-Espinoza is in full possession of his
24    faculties and is competent to proceed.
25              Mr. Salazar-Espinoza, have you received a copy of
```

1   the Indictment -- that's the written document that outlines

2   the charges against you?

3           THE DEFENDANT:  Yes.

4           THE COURT:  You have the right to have me read the

5   Indictment to you here in open court.  Do you want me to

6   read it to you at this time?

7           THE DEFENDANT:  No.

8           THE COURT:  You also have the following

9   constitutional rights that you will be giving up by pleading

10  guilty.  You have the right to plead not guilty.  You have

11  the right to a speedy and public trial.  You have the right

12  to a trial by jury.  And at a trial, you would be presumed

13  innocent, and it would be up to the government to prove to

14  either a jury or this Court each and every element of the

15  offense.  And the government would have to have the burden

16  of proving those elements by a standard that's known as

17  beyond a reasonable doubt.

18          If you and the government agree, you could give up

19  the right to a jury trial and instead I would hear the

20  evidence and I will make a decision as to whether the

21  government has proved its case.

22          Even if you weren't to plead guilty this

23  afternoon, you would have the right to have a defense lawyer

24  represent you in these proceedings.  If you couldn't afford

25  a lawyer, one would be appointed for you free of charge to

1   assist you at the trial and at every other stage of the

2   proceedings.

3            You have the right to see and hear and have your

4   lawyer question the witnesses against you.  You would have

5   the right to have witnesses subpoenaed and compelled to

6   testify on your behalf.  You could testify in court on your

7   own behalf, but you also have what is known as the privilege

8   against self-discrimination, which means you have the

9   absolute right not to testify or otherwise incriminate

10  yourself in any way.

11           If you went to trial and you decided not to

12  testify, that fact could not be used against you.  But by

13  pleading guilty, you are going to give up that right

14  because -- and you will be incriminating yourself.

15           And if you went to trial and were convicted, you

16  have the right to appeal that conviction as well.

17           Have you and Mr. Navarro talked about all of those

18  rights?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Do you understand all of those rights?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Do you have any questions of me about

23  any of those rights?

24           THE DEFENDANT:  No, Your Honor.

25           THE COURT:  All right.  So then do you understand

```
 1   that, if I accept your plea, you are going to be
 2   incriminating yourself because you are going to be saying,
 3   "I did the things -- or some of the things that are charged
 4   in the Indictment," and you will have waived or given up
 5   your right to a trial and all the rights that I have just
 6   described.  Do you understand that, sir?
 7               THE DEFENDANT:  Yes.
 8               THE COURT:  Do you give up those rights?
 9               THE DEFENDANT:  Yes.
10               THE COURT:  Mr. Navarro, are you satisfied that
11   the waivers are knowingly, voluntarily, and intelligently
12   made?
13               MR. NAVARRO:  Yes.
14               THE COURT:  Do you join and concur in the waivers?
15               MR. NAVARRO:  I do.
16               THE COURT:  Mr. Salazar-Espinoza, you are going to
17   be pleading guilty to Counts 1 and 4 of the Indictment.
18               Count 1 charges you with possession with the
19   intent to distribute methamphetamine, in violation of
20   Title 21, United States Code Section 841(a)(1),
21   (b)(1)(A)(viii); and you are also charged with possession of
22   a firearm in furtherance of a drug trafficking crime in
23   violation of 18 -- Title 18 United States Code Section
24   924(c).  I am going to have the government outline the
25   elements for those charges.
```

```
 1              One last thing.  Both of those charges, sir, are
 2     felonies.  So I am going to ask you to listen to the
 3     elements of -- for those charges from the government.
 4              Miss Restrepo.
 5              MS. RESTREPO:  For defendant to be guilty of the
 6     crime charged in Count 1, that is possession with intent to
 7     distribute methamphetamine, violation of Title 21,
 8     United States Code Sections 841(a)(1) and
 9     841(b)(1)(A)(viii), the following must be true:  One,
10     co-defendant knowingly possessed methamphetamine; two,
11     defendant possessed the methamphetamine with the intent to
12     distribute it to another person.
13              For the defendant to be guilty of the crime
14     charged in Count 4, that is, possession of a firearm in
15     furtherance of a drug trafficking crime, in violation of
16     Title 18 United States Code Section 924(c), following must
17     be true:  One, defendant committed the crime of possession
18     with the intent to distribute methamphetamine as charged in
19     Count 1 of the Indictment, which is a drug trafficking
20     crime; two, defendant knowingly possessed a firearm; and,
21     three, defendant possessed the firearm in furtherance of the
22     crime of possession with intent to distribute
23     methamphetamine as charged in Count 1 of the Indictment.
24              For defendant to be subject to the statutory
25     maximum and statutory minimum sentences set forth in the
```

1    plea agreement, the government must prove beyond a

2    reasonable doubt that defendant possessed with intent to

3    distribute at least 50 grams of methamphetamine.

4            THE COURT:  Thank you, Miss Restrepo.

5            Sir, do you understand the nature of both of the

6    charges that you are going to be pleading guilty to today?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Have you discussed the charges and the

9    elements for -- of the charges with Mr. Navarro?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Do you have any questions of me about

12   the charges?

13           THE DEFENDANT:  No.

14           THE COURT:  All right.  Sir, have you talked with

15   Mr. Navarro about the maximum penalties and any mandatory

16   minimum penalties that apply to these charges?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Just for the record, I'll have

19   Miss Restrepo, if you please, outline I believe the maximum,

20   and I believe there are two mandatory minimum penalties that

21   apply to this case.

22           MS. RESTREPO:  The statutory maximum sentence that

23   the Court can impose for violation of Title 21,

24   United States Code Sections 841(a)(1) and 841(b)(1)(A)(viii)

25   is life imprisonment, a lifetime period of supervised

    1   release, a fine of $10 million, twice the gross gain or

    2   gross loss resulting from the offense, whichever is

    3   greatest, and mandatory special assessment of $100.

    4          The statutory maximum sentence that the Court can

    5   impose for a violation of Title 18 United States Code

    6   Section 924(c)(1)(A) is life imprisonment, a five-year term

    7   of supervised release, a fine of $250,000, twice the gross

    8   gain or gross loss resulting from the offense, whichever is

    9   greatest, and a mandatory special assessment of $100.

   10          Therefore, the total maximum sentence for all

   11   offenses to which defendant is pleading guilty is life

   12   imprisonment, lifetime period of supervised release, a fine

   13   of $10,250,000, or twice the gross gain or gross loss

   14   resulting from the offense, whichever is greatest, and a

   15   mandatory special assessment of $200.

   16          Statutory mandatory minimum sentence that the

   17   Court must impose for violation of Title 21,

   18   United States Code Sections 841(a)(1), 841(b)(1)(A)(viii),

   19   ten imprisonment, a five-year period of supervised release,

   20   and a mandatory special assessment of $100.

   21          Statutory mandatory minimum sentence that the

   22   Court must impose for violation of Title 18 United States

   23   Code Section 924(c)(1)(A) is a five-year term of

   24   imprisonment, which must run consecutive to any other

   25   sentence of imprisonment and a mandatory special assessment

```
 1   of $100.

 2            THE COURT:  All right.  Thank you, Miss Restrepo.

 3            Sir, did you understand everything that the

 4   prosecutor just said?

 5            THE DEFENDANT:  Yes.

 6            THE COURT:  So you understand that, at least as

 7   currently charged, you are looking at a mandatory minimum

 8   penalty of 15 years in prison.  Do you understand that?

 9            THE DEFENDANT:  Yes.

10            THE COURT:  Now, this is a drug offense.  I

11   believe the government must prove at least the quantity

12   of -- is it 50 grams?

13            MS. RESTREPO:  That's correct, Your Honor.

14            THE COURT:  So, sir, if this case were to go to

15   trial, the government would be required to prove to either a

16   jury or this Court beyond a reasonable doubt that the

17   quantity of drugs involved in this case is at least the

18   amount described by the prosecutor which was 50 grams of

19   methamphetamine.

20            So, in essence, you would have the right to have a

21   jury or this Court determine if the government could prove

22   that that minimum amount was involved.

23            Do you admit that the drug offense that you are

24   pleading guilty to involved at least the quantity of drugs

25   described by the government?
```

```
 1                THE DEFENDANT:  Yes.

 2                THE COURT:  Do you waive or give up the right to

 3   have a jury or this Court determine the amount of drugs

 4   involved?

 5                THE DEFENDANT:  Yes.

 6                THE COURT:  Because the maximum penalty is life

 7   imprisonment and because there are mandatory minimums that

 8   apply to this case, you are not eligible for a probationary

 9   sentence.  Do you understand that, sir?

10                THE DEFENDANT:  Yes.

11                THE COURT:  You may be subject to what's known as

12   supervised release for a number of years after your release

13   from prison.

14                Have you discussed with Mr. Navarro and do you

15   understand what that means, what "supervised release" means?

16                THE DEFENDANT:  Yes.

17                THE COURT:  So you understand that, if you are

18   sent to prison and then after you are released you are

19   placed on supervised release for a number of years, if you

20   were to violate the terms and conditions of your supervised

21   release, I could send you back to prison for all or part of

22   the term of your supervised release.  Do you understand

23   that, sir?

24                THE DEFENDANT:  Yes, Your Honor.

25                THE COURT:  And if that were to happen, it could
```

```
 1    result in you serving a total term of imprisonment that

 2    is -- well, in this case it's difficult because the

 3    statutory maximum is life.  So you wouldn't be sentenced to

 4    more than life, obviously; but you could end is up getting a

 5    prison sentence that may be higher than the mandatory

 6    minimum that you initially received in this case.  Do you

 7    understand that?

 8               THE DEFENDANT:  Yes.

 9               THE COURT:  If you are presently on parole,

10    probation, or supervised release on another case, your plea

11    of guilty this afternoon could be the basis for what's known

12    as a revocation of that parole, probation, or supervised

13    release, and, as a result, you could be returned to prison

14    in the other case separate from this case.  Do you

15    understand that, sir?

16               THE DEFENDANT:  Yes.

17               THE COURT:  And I tell everyone this, and I don't

18    know if this applies to you or not but just in the abundance

19    of caution, if you are not a citizen of the United States,

20    this plea and your conviction may cause you to be deported

21    or removed from the United States, and it may result in the

22    denial of naturalization or citizenship, amnesty, residency

23    status, and admission to the United States in the future.

24    Do you understand that, sir?

25               THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  Because this is a felony, it may also
 2   deprive you of certain valuable civil rights, such as the
 3   right to vote, the right to hold public office, the right to
 4   serve on a jury, and the right to possess a firearm of any
 5   kind.  Do you understand that, sir?
 6              THE DEFENDANT:  Yes, Your Honor.
 7              THE COURT:  You may also be ineligible for
 8   assistance under state programs that are funded under the
 9   Social Security Act or the Federal Food Stamp Act.  Do you
10   understand that, sir?
11              THE DEFENDANT:  Yes.
12              THE COURT:  I know we have talked about a lot this
13   afternoon, but do you understand the possible consequences
14   of your plea, including the maximum sentence, the mandatory
15   minimum sentence that applies, and the other terms that the
16   government and this Court have talked about this afternoon?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Do you have any questions about the
19   possible sentence that you may receive if I accept your
20   guilty plea this afternoon?
21              THE DEFENDANT:  No.  Everything is fine.
22              THE COURT:  You don't have any questions of me at
23   all, sir?
24              THE DEFENDANT:  No.
25              MR. NAVARRO:  My client is going to be addressing
```

```
 1   the Court.  We have some medical issues that we want to

 2   raise with the Court but at the end.

 3              THE COURT:  Fair enough.

 4        I will give you that opportunity, sir.  Okay?

 5        All right.  Is there any reason why we should not

 6   continue to take your guilty plea this afternoon?

 7              THE DEFENDANT:  No.  It's okay.

 8              THE COURT:  So, sir, you are going to be sentenced

 9   under what's known as the Sentencing Reform Act of 1984.

10   There is an organization out of Washington, D.C., the

11   United States Sentencing Commission.  They have issued

12   guidelines that judges must consult and take into account

13   but are not required to follow in determining the sentence

14   in criminal cases.

15        In determining your sentence, the Court will be

16   required to calculate the applicable sentencing guidelines

17   range and to consider that range and any possible departures

18   under the sentencing guidelines and other sentencing factors

19   as well.

20        Have you and Mr. Navarro talked about how the

21   sentencing guidelines might be applied to your case?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Do you understand, sir, that,

24   regardless of the guidelines range, I could sentence you to

25   up to the maximum sentence that's allowed by law in this
```

```
 1   case?  Do you understand, sir?

 2             THE DEFENDANT:  Yes.

 3             THE COURT:  Now, neither this Court nor your

 4   lawyer will be able to determine what the guidelines range

 5   for your case is until after a presentence report has been

 6   prepared.  Do you understand that?

 7             THE DEFENDANT:  Yes.

 8             THE COURT:  Once that report is prepared, your

 9   lawyer and you will have a copy of it that you can go over,

10   the government will have a copy, and I will have a copy of

11   that report.  Both you and your lawyer and the government

12   will have an opportunity to file any objections to the

13   report and file a document indicating what you believe the

14   appropriate sentence should be.  Do you understand that,

15   sir?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Now, do you understand that the

18   sentence I impose may be different than any estimate that

19   your lawyer has given you.  Do you understand, sir?

20             THE DEFENDANT:  Yes.

21             THE COURT:  I could impose a sentence that is

22   either more severe or less severe than what the guideline

23   range is.  Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  And the fact that you may be uncertain
```

```
 1    as to what the sentence will be -- or let's say you are

 2    disappointed in what the sentence is, that would not be a

 3    basis by itself to withdraw the plea and say, "Hey, I want

 4    to start all over again."  Do you understand that?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  So, Mr. Salazar-Espinoza, has anyone

 7    made any promises, representations, or guarantees of any

 8    kind in order to get you to plead guilty to this case?

 9              THE DEFENDANT:  No.

10              THE COURT:  Has anyone told you a specific

11    sentence that this Court would impose in the event that I

12    accept your guilty pleas?

13              THE DEFENDANT:  No.

14              THE COURT:  Has anyone attempted to threaten you,

15    your family, or anyone close to you, or in any way try to

16    force you to plead guilty in this case?

17              THE DEFENDANT:  No.

18              THE COURT:  Do you understand, if the sentence you

19    get is more severe than what you expected, as I mentioned

20    that in and of itself would not be a basis for you to

21    withdraw your plea of guilty.  Do you understand that?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Are you pleading guilty voluntarily

24    and of your own free will?

25              THE DEFENDANT:  Yes.
```

```
 1          THE COURT:  Is there an agreement with respect to

 2   a sentence in this case?  I know there is some reference to

 3   some other factors in paragraph 3 of the agreement, but is

 4   that it as it relates to the sentence?

 5          MS. RESTREPO:  Yes, Your Honor.

 6          THE COURT:  Miss Restrepo, I neglected to ask.

 7   What about with respect to the appellate rights?  Is there a

 8   limited mutual waiver of appeal?

 9          MS. RESTREPO:  There is, Your Honor.

10          THE COURT:  Would you please outline that waiver

11   at this time.

12          MS. RESTREPO:  Yes, Your Honor.

13          With the exception of an appeal based on the claim

14   that the defendant's guilty pleas were involuntary, by

15   pleading guilty the defendant is waiving and giving up any

16   right to appeal defendant's convictions on the offenses to

17   which defendant is pleading guilty.

18          This waiver includes but is not limited to

19   argument that the statutes to which defendant is pleading

20   guilty are unconstitutional and any and all claims that the

21   statement of facts provided in the plea agreement is

22   insufficient to support defendant's pleas of guilty.

23          Provided the Court imposes a term of imprisonment

24   on all counts of no more than 270 months, defendant gives up

25   the right to appeal all of the following:
```

```
 1              A, the procedures and calculations used to

 2   determine and impose any portion of the sentence; B, the

 3   term of imprisonment imposed by the Court; C, the fine

 4   imposed by the Court provided it is within the statutory

 5   maximum; D, the term of probation or supervised release

 6   imposed by the Court provided it is within the statutory

 7   maximum; and, E, any of the following conditions of

 8   probation or supervised release imposed by the Court, the

 9   conditions set forth in General Orders 318, 01-05 and/or

10   05-02 of this Court, the drug testing conditions mandated by

11   Title 18 United States Code Sections 3563(a)(5) and 3583(d),

12   and the alcohol and drug use conditions authorized by

13   Title 18 United States Code Section 3563(b)(7).

14              THE COURT:  All right.  Thank you, Counsel.

15              Sir, did you discuss giving up all of those rights

16   as described by the prosecutor with your lawyer?

17              THE DEFENDANT:  Yes.

18              THE COURT:  So I will accept the plea based on

19   that understanding.

20              Mr. Navarro, if I could turn to you.  Did you

21   review the facts of the case and all the discovery provided

22   by the government with your client?

23              MR. NAVARRO:  Yes, Your Honor.

24              THE COURT:  Did you pursue with him any potential

25   defenses that he might have to this case?
```

```
 1              MR. NAVARRO:  We did.

 2              THE COURT:  Have you advised Mr. Salazar-Espinoza

 3    concerning the legality or admissibility of any statements

 4    or confessions or other evidence that the government has

 5    against him?

 6              MR. NAVARRO:  I did, Your Honor.

 7              THE COURT:  To the best of your knowledge, is

 8    Mr. Salazar-Espinoza pleading guilty because of any

 9    illegally obtained evidence in the possession of the

10    government?

11              MR. NAVARRO:  He is not, Your Honor.

12              THE COURT:  Did you and Mr. Salazar-Espinoza agree

13    that it was in his best interests to enter into this plea?

14              MR. NAVARRO:  We did, Your Honor.

15              THE COURT:  Is it your opinion that he is entering

16    into this plea freely and voluntarily with a full knowledge

17    of the charges and the consequences of the plea?

18              MR. NAVARRO:  He is.

19              THE COURT:  Have there been any promises,

20    representations, or guarantees made to either you or your

21    client other than what's contained in the plea agreement?

22              MR. NAVARRO:  No, Your Honor.

23              THE COURT:  Other than a general discussion of the

24    guidelines and other sentencing considerations, have you

25    given Mr. Salazar-Espinoza any indication of what a specific
```

```
 1   sentence -- I should say of what specific sentence this
 2   Court would impose or conveyed to him any promise of a
 3   particular sentence or sentence range in the event that the
 4   Court accepts the plea this afternoon?
 5           MR. NAVARRO:  No, Your Honor.
 6           THE COURT:  Do you know any reason why the Court
 7   should not accept your client's plea?
 8           MR. NAVARRO:  No, Your Honor.
 9           THE COURT:  Do you join in the waiver of jury
10   trial and concur in the plea?
11           MR. NAVARRO:  I do, Your Honor.
12           THE COURT:  Miss Restrepo, other than what's been
13   previously stated throughout this afternoon, has the
14   government made any promises, representations, or guarantees
15   either to Mr. Navarro or Mr. Salazar-Espinoza other than
16   what was stated here in court or in the plea agreement?
17           MS. RESTREPO:  No, Your Honor.
18           THE COURT:  Does the government waive jury trial?
19           MS. RESTREPO:  We do, Your Honor.
20           THE COURT:  Mr. Salazar-Espinoza, I will turn back
21   to you.  Are you satisfied with the representation of your
22   lawyer?
23           THE DEFENDANT:  Yes, Your Honor.
24           THE COURT:  Have you told your lawyer everything
25   that you know about the case?
```

```
 1                THE DEFENDANT:  Yes.

 2                THE COURT:  Do you believe that your lawyer has

 3     fully advised you concerning this case?

 4                THE DEFENDANT:  Yes.

 5                THE COURT:  Have you had enough time to discuss

 6     this case with your lawyer?

 7                THE DEFENDANT:  Yes.

 8                THE COURT:  Did your lawyer or anyone else for

 9     that matter tell you exactly how you should answer my

10     questions that I asked you this afternoon?

11                THE DEFENDANT:  No, Your Honor.

12                THE COURT:  Do you believe that you understand the

13     consequences to you of this plea?

14                THE DEFENDANT:  Yes.

15                THE COURT:  Do you believe that you are competent

16     to make the decision to plead guilty?

17                THE DEFENDANT:  Yes, Your Honor.

18                THE COURT:  So, sir, do you understand, then, that

19     all that's going to be left in this case if I accept the

20     plea this afternoon is the imposition of a sentence which

21     will likely include imprisonment.  Do you understand that?

22                THE DEFENDANT:  Yes.

23                THE COURT:  Having in mind all that we've

24     discussed this afternoon and the rights that you are going

25     to be giving up and the mandatory minimum sentence, do you
```

1    still want to plead guilty this afternoon?

2              THE DEFENDANT:  Yes.

3              THE COURT:  So I am going to ask you now to listen

4    as the government outlines the facts that the government

5    believes it will be able to prove if this case went to

6    trial.

7              You may proceed, Miss Restrepo.

8              MS. RESTREPO:  If this case were to proceed to

9    trial, the government would be prepared to prove the

10   following facts beyond a reasonable doubt:  Defendant sold

11   drugs out of his home in Los Angeles within the

12   Central District of California.  On December 3rd, 2015, at

13   his home, defendant knowingly and intentionally possessed

14   with the intent to distribute approximately 3.84 kilograms

15   of actual methamphetamine, a Schedule 2 controlled

16   substance.  In addition to the methamphetamine, defendant

17   also knowingly and intentionally possessed with the intent

18   to distribute approximately 2.725 kilograms of a substance

19   containing heroin, 235 grams of a substance containing

20   fentanyl, and 5.63 kilograms of marijuana.  Defendant also

21   knowingly possessed the following firearm at his home on

22   December 3rd, 2015, in furtherance of that drug trafficking

23   crime, namely, possession with intent to distribute

24   methamphetamine, a Colt Government, model MKIV, Series 80,

25   .380 caliber pistol bearing serial number RS21330.

```
 1              THE COURT:  All right.  Thank you.

 2              Did you understand everything that the prosecutor

 3    just said?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  Is everything she said about you and

 6    your conduct and your intent true and correct?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Are you pleading guilty because you

 9    did the things charged in the Indictment?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Are you pleading guilty because you

12    are, in fact, guilty?

13              THE DEFENDANT:  Yes.

14              THE COURT:  All right.

15              Is the government satisfied with the factual

16    basis?

17              MS. RESTREPO:  Yes, Your Honor.

18              THE COURT:  Do counsel agree that the Court's

19    complied with the requirements of Rule 11?

20              Miss Restrepo?

21              MS. RESTREPO:  Yes, Your Honor.

22              THE COURT:  Mr. Navarro?

23              MR. NAVARRO:  Yes, Your Honor.

24              THE COURT:  Sir, in case CR 17-288, how do you

25    plead to Counts 1 and 3 to this Indictment -- I'm sorry, 1
```

```
 1    and 4 to this Indictment?  How could you plead, sir?

 2            THE DEFENDANT:  Guilty.

 3            THE COURT:  All right, sir.  I am going to make

 4    certain findings.  Again, if you don't understand or if you

 5    disagree with what I am about to say, please let me know or

 6    ask your lawyer to let me know.

 7            In the case of United States versus Jesus Raul

 8    Salazar-Espinoza, the Court having questioned the defendant

 9    and his counsel on the offer of pleas of guilty to Counts 1

10    and 4 of the Indictment, both felonies, the defendant and

11    his counsel having advised the Court that they have

12    conferred concerning the offered pleas of guilty and all

13    aspects of the charges against Mr. Salazar-Espinoza and any

14    defenses he may have and the Court having observed

15    Mr. Salazar-Espinoza's intelligence, demeanor, and attitude

16    while answering the questions and the Court also having

17    observed that Mr. Salazar-Espinoza does not appear to be

18    under the influence of any medicine, drug, or other

19    substance or factor that might affect his actions or

20    judgment in any manner; so I find that he is fully competent

21    and capable of entering an informed plea, he is aware of the

22    nature of the charges and the consequences of those pleas.

23            The Court further finds the pleas of guilty are

24    knowingly, voluntarily, and intelligently made with a full

25    understanding of the nature of the charges, the consequences
```

```
 1    of the plea, and Mr. Salazar-Espinoza's constitutional

 2    rights.

 3              The Court further finds that the plea is supported

 4    by an independent factual basis that contains each of the

 5    essential elements of the offenses.

 6              So I am going to accept the plea and order the

 7    plea be entered.  I am going to order that a written

 8    presentence report be prepared in this case by the probation

 9    department.

10              Sir, you are going to be asked to provide some

11    information for that report.  I don't know you, sir, and so

12    that information will be important to me to get a better

13    understanding of who you are, what your background was, and

14    what brought you to these circumstances.  When you are

15    interviewed for that report, your lawyer may be present if

16    you wish.

17              As I said earlier, both you and your lawyer are

18    going to have an opportunity to read the report and file any

19    objections that you believe are appropriate to the report

20    before the hearing.  At the sentencing, you will have a

21    chance to speak on your behalf as well as your lawyer.

22              So I am going to refer the matter to the probation

23    office for a presentence report.  The date for sentencing

24    that I am proposing is February 8th, 2019, at 1:30 P.M.

25              Does that date and time work for counsel?
```

```
 1              Miss Restrepo?

 2              MR. NAVARRO:  Your Honor, if we could get a much

 3    later date, I was going to suggest April 29th.

 4              THE COURT:  Let me check with the boss here for a

 5    second.

 6         (Brief pause in the proceedings.)

 7              THE COURT:  Can we do it on a Friday?  Are we

 8    talking in May?

 9              MR. NAVARRO:  Sure.

10         (Brief pause in the proceedings.)

11              THE COURT:  All right.  We could do it May 3rd at

12    1:30 P.M.

13              Sir, you are ordered to appear on that date and

14    time without any further notice, order, or subpoena.  We're

15    going to vacate the jury trial date, and I am going to order

16    that a presentence report be prepared.

17              Is there anything further from the government?

18              MS. RESTREPO:  One thing, Your Honor, and I

19    apologize if I missed it.  I ask the Court incorporate the

20    plea into the proceedings today.

21              THE COURT:  To the extent I haven't incorporated

22    the plea, the plea agreement will be incorporated into these

23    proceedings.

24              MS. RESTREPO:  Thank you, Your Honor.

25              THE COURT:  Anything further, Mr. Navarro?
```

```
 1          MR. NAVARRO:  I do have one issue.  My client is
 2    diabetic, and he is having some very serious problems with
 3    his legs which appear not to have been addressed while he
 4    has been in custody at MDC.  I can file a separate
 5    application if you want me to, or I would ask simply for the
 6    Court to issue an order for my client to get treatment for
 7    his diabetes.
 8          THE COURT:  I'm sorry.  Could you just briefly
 9    outline sort of what -- how are the conditions manifesting
10    themselves?
11          MR. NAVARRO:  Your Honor, my client gets massive
12    swelling in his legs, and he's got bruising on both of his
13    legs which I think it's a by-product of his diabetes.
14          THE COURT:  Sir, have you been seen by a doctor at
15    MDC?
16          THE DEFENDANT:  It's been four months now since I
17    have been seen.
18          MR. NAVARRO:  He also has bruises on his back.
19          THE COURT:  You don't need to show them to me, not
20    that I doubt what you are saying, I just want to make sure I
21    understand.
22          You said it's been four months since you have been
23    last seen.
24          THE DEFENDANT:  Yes.
25          THE COURT:  Were you given any medication when you
```

1   were seen four months ago?

2          THE DEFENDANT:  I was given some pills so that the

3   bruising would go away, but it hasn't been given to me

4   again.

5          THE COURT:  Did the pills help at first, or they

6   didn't help at all?

7          THE DEFENDANT:  Yes, they did.

8          THE COURT:  All right.  Sir, what I'm going to do

9   is I am going to make a recommendation that you be seen as

10  soon as possible so they can address the diabetic condition

11  or give you an examination.

12          At this stage, I can't order them to see you, but

13  I like to believe that a recommendation from the Court, when

14  it's in an order, the minute order of this case, will help

15  you get to a doctor sooner than later.

16          I am going to ask, Mr. Navarro, if that doesn't

17  rectify things to let the Court know via my courtroom

18  deputy.  Or if you feel the need to file something, let the

19  Court know, and I will take the next step to try to get this

20  addressed.

21          Does that work for you, Mr. Navarro?

22          MR. NAVARRO:  It does.

23          THE COURT:  All right.  Let's see if we can get

24  you to the doctor sooner rather than later so we can treat

25  this condition.  All right, sir?

```
1              THE DEFENDANT:  All right.

2              THE COURT:  If there is nothing further, I'll see

3    you for sentencing next year.  All right.  Thank you.

4              MS. RESTREPO:  Thank you, Your Honor.

5              MR. NAVARRO:  Thank you.

6          (Proceedings concluded at 2:29 p.m.)

7                           --oOo--

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                         CERTIFICATE

 2

 3       I hereby certify that pursuant to Section 753,

 4   Title 28, United States Code, the foregoing is a true and

 5   correct transcript of the stenographically reported

 6   proceedings held in the above-entitled matter and that the

 7   transcript page format is in conformance with the

 8   regulations of the Judicial Conference of the United States.

 9

10   Date:  May 2, 2020.

11

12

13

14                   __/S/ CHIA MEI JUI_____

15                   Chia Mei Jui, CSR No. 3287

16

17

18

19

20

21

22

23

24

25
```

LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney,
General Crimes Section
312 N. Spring Street, 12th, Fl., L.A., CA 90012

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | CR 17-288-AB |
| v. | |
| JESUS RAUL SALAZAR-ESPINOZA | **NOTICE OF MANUAL FILING OR LODGING** |
| DEFENDANT(S). | |

PLEASE TAKE NOTICE:

Pursuant to Local Rule 5-4.2, the following document(s) or item(s) are exempt from electronic filing, and will therefore be manually ☑ Filed ☐ Lodged: (**List Documents**)

GOVERNMENT'S EX PARTE APPLICATION AND [PROPOSED] ORDER FOR AN ORDER SEALING DOCUMENT [FILED UNDER SEAL]; GOVERNMENT'S UNDER SEAL DOCUMENT [FILED UNDER SEAL] (WITH SERVICE ON PARTIES).

**Reason:**

☑ Under Seal
☐ In Camera
☐ Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)
☐ Per Court order dated: _____
☐ Other:

| | |
|---|---|
| November 1, 2018 | LAUREN RESTREPO |
| Date | Attorney Name |
| | UNITED STATES OF AMERICA, PLAINTIFF |
| | Party Represented |

*Note: File one Notice of Manual Filing or Lodging in each case, each time you manually submit a document(s).*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. CR 17-00288-AB |
|---|---|
| Plaintiff, | [~~PROPOSED~~] ORDER |
| vs. | RE: PREPARATION OF PRE-PLEA PROBATION REPORT |
| Jesus Raul Salazar-Espinoza, | |
| Defendant. | |

Good cause having been shown by the defendant's unopposed ex parte application, IT IS HEREBY ORDERED that the United States Probation Office prepare a pre-plea probation report with respect to defendant Jesus Raul Salazar-Espinoza's criminal history only.

Dated: October 03, 2017

_____
Hon. André Birotte Jr.
United States District Judge

CC: USPO

ORDER
RE: PREPARATION OF PRE-PLEA PROBATION REPORT

ER 57

Angel Navarro (SBN) 155702
LAW OFFICE OF ANGEL NAVARRO
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, CA 90015
Tel.: (626) 390-6621
Fax: (213) 746-4435
e-mail: angel_navarro@me.com
Attorney for Defendant
Jesus Raul Salazar-Espinoza

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. CR 17-00288-AB |
|---|---|
| Plaintiff, | |
| vs. | UNOPPOSED EX PARTE APPLICATION REQUESTING COURT ORDER FOR PREPARATION OF PRE-PLEA PROBATION REPORT |
| Jesus Raul Salazar-Espinoza, | |
| Defendant. | |

Defendant, Jesus Raul Salazar-Espinoza, by and through his counsel of record, Angel Navarro, hereby files with this Court, this unopposed ex parte application seeking a court order for the preparation of a pre-plea probation report. This application is being based on the attached declaration of counsel.

Respectfully submitted,

October 2, 2017          /S/ Angel Navarro
DATE                    ANGEL NAVARRO
                        Attorney for Defendant
                        Jesus Raul Salazar-Espinoza

## DECLARATION OF ANGEL NAVARRO

1.     I am CJA counsel appointed to represent defendant Jesus Raul Salazar-Espinoza.  I would like to request a court order for the preparation of a pre-plea probation report.  Mr. Salazar-Espinoza has been charged with serious narcotics offenses.  In order to ascertain Mr. Salazar-Espinoza's criminal history and possible sentencing exposure, I would like to obtain a pre-plea probation report.

2.     I have communicated with Assistant United States Attorney William Rollins with respect to this application.  Mr. Rollins has indicated that the government does not oppose my request for a pre-plea probation report.

I declare that the foregoing is true and correct under penalty of perjury.

October 2, 2017
DATE

/S/ Angel Navarro
ANGEL NAVARRO
Attorney for Defendant
Jesus Raul Salazar-Espinoza

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CRIMINAL MINUTES - GENERAL

| Case No. | CR 17-00288-AB | Date | August 28, 2017 |
|---|---|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

Spanish Interpreter: Sharon Spence

| Carla Badirian | Chia Mei Jui | William Rollins |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jose Raul Salazar-Espinoza | √ | √ | | DFPD, Kim Savo | √ | √ | |

**Proceedings:** STATUS CONFERENCE (Held and Completed)

Defendant and counsel present. Also present is Stephen Frye, CJA counsel specially appearing for Angel Navarro, CJA counsel.

The Court is advised that defendant requests that new counsel be appointed. A sealed hearing was held. The transcript to this portion of the proceeding is ordered sealed unless otherwise ordered by the Court.

The Court GRANTS the request.

The Court relieves the Federal Public Defender of representing the defendant and appoints Angel Navarro, CJA counsel for defendant Jose Raul Salazar-Espinoza. Mr. Navarro can be reached at (626) 390-6621.

The trial remains set for Tuesday, October 10, 2017 at 8:30 a.m.

IT IS SO ORDERED.

CC: CJA, Angel Navarro, Court Reporter Chia Mei Jui

| | 00 | : | 25 |
|---|---|---|---|
| Initials of Deputy Clerk | CB | | |

**ER 60**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 17-288-AB |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i): Possession with Intent to Distribute Heroin; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition] |
| JESUS RAUL SALAZAR-ESPINOZA, aka "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly and intentionally

possessed with intent to distribute at least 500 grams, that is, approximately 3.919 kilograms, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2

ER 62

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 2.717 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

ER 63

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

ER 64

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i), as charged in Count Two of this Indictment, and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

ER 65

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, and ammunition, namely, approximately 11 rounds of Fiocchi .380 caliber ammunition and 14 rounds of Poonsan Corporation .380 caliber ammunition, in and affecting interstate and foreign commerce.

Such possession occurred after defendant SALAZAR had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Los Angeles, in case number TA111422, on or about March 24, 2010;

(2) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A038499, on or about May 8, 1989; and

//
//
//
//
//
//

ER 66

(3) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A043181, on or about April 17, 1989.

A TRUE BILL

_____

Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

LIZABETH A. RHODES
Assistant United States Attorney
Chief, General Crimes Section

ROBYN K. BACON
Assistant United States Attorney
Deputy Chief, General Crimes
Section

WILLIAM M. ROLLINS
Assistant United States Attorney
General Crimes Section

7

ER 67

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorney
General Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407
     Facsimile: (213) 894-0141
     E-mail:    william.rollins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          No. CR 17-288-AB

            Plaintiff,

                    v.             [~~PROPOSED~~] ORDER GRANTING THE
                                   GOVERNMENT'S UNOPPOSED MOTION TO
                                   AMEND THE INDICTMENT
GABRIEL PINOSA SALAZAR,
   aka "Pedro,"
   aka "Jesus Salazar
        Cervantes,"
   aka "Jesus Raul Salazar-
        Espinoza,"

            Defendant.


     GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that the

indictment is amended to list "JESUS RAUL SALAZAR-ESPINOZA" as the

primary name for defendant in this case.  Exhibit B to the

government's unopposed motion to amend shall be the operative

indictment in this case, and the parties shall amend the case caption

accordingly in all future filings.

//

//

//

ER 68

1          The Clerk is directed to file an Amended Indictment to reflect
2     the foregoing.

3

4

5

6     Dated: June 16, 2017      _____
7                               HONORABLE ANDRÉ BIROTTE JR.
                                UNITED STATES DISTRICT JUDGE
8

9     CC: PSA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ER 69

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorney
General Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407
    Facsimile: (213) 894-0141
    E-mail:   william.rollins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-288-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S **UNOPPOSED** MOTION TO AMEND THE INDICTMENT; DECLARATION OF WILLIAM M. ROLLINS AND EXHIBITS THERETO; PROPOSED ORDER |
| v. | |
| GABRIEL PINOSA SALAZAR, aka "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorney William M.

Rollins, hereby submits this motion to amend the Indictment to

conform to the name provided by defendant JESUS RAUL SALAZAR-ESPINOZA

("defendant") during his initial appearance in this case.

Specifically, the government requests that the Indictment be amended

to list "JESUS RAUL SALAZAR-ESPINOZA" – instead of "GABRIEL PINOSA

SALAZAR" as the primary name for defendant in the case caption, and that "Garbiel Pinosa Salazar" be listed instead as an "aka" for defendant. Defendant, by and through his attorney of record, Deputy Federal Public Defender Kim Savo, does not oppose this motion to amend.

The government's motion is based upon the attached memorandum of points and authorities, the attached Declaration of William M. Rollins and exhibits thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 12, 2017          Respectfully submitted,

                              SANDRA R. BROWN
                              Acting United States Attorney

                              LAWRENCE S. MIDDLETON
                              Assistant United States Attorney
                              Chief, Criminal Division


                              _____/s/_____
                              WILLIAM M. ROLLINS
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant JESUS RAUL SALAZAR-ESPINOZA ("defendant") is charged in the Indictment in this case with violating 21 U.S.C. §§ 841(a)(1): Possession with Intent to Distribute a Controlled Substance; 18 U.S.C. § 924(c): Possession of Firearm in Furtherance of Drug Trafficking; and 18 U.S.C. § 922(g)(1): Felon in Possession of Firearm and Ammunition.  The charges arise out of the execution of a federal search warrant at defendant's home in December of 2015. During that search, agents found the following items in defendant's bedroom:  a Colt .380 caliber pistol with 4 magazines containing a total of 25 rounds of .380 caliber ammunition; approximately 3.84 kilograms of actual methamphetamine; approximately 2.717 kilograms of heroin, 235 grams of fentanyl; and approximately 5.63 kilograms of marijuana.

In its current form, the Indictment names defendant as "GABRIEL PINOSA SALAZAR" and lists "Jesus Raul Salazar-Espinoza" as an "aka" for defendant. (Declaration of William M. Rollins ("Rollins Decl."), Ex. A.)  During his initial appearance, however, defendant admitted his true name as "Jesus Raul Salazar-Espinoza," and the magistrate judge indicated that "[t]here may be an amendment needed to the charging document."  (Dkt. 9.)

Through this motion to amend, the government respectfully requests that the Court modify the case caption for the Indictment to list "Jesus Raul Salazar-Espinoza" as the primary name for defendant in this case.  (Rollins Decl., Ex. B.)  Defendant will not be prejudiced by the amendment because his true name was already listed as an "aka" on the Indictment, and the amendment merely corrects the

1  primary caption to reflect defendant's preferred and true name.

2  Defendant does not oppose this motion to amend.

3  **II.  ARGUMENT**

4      Although material or substantial amendments to an indictment are

5  not permitted without resubmission of the indictment to the grand

6  jury, district courts may make amendments "concerning matters of

7  form."  <u>Russell v. United States</u>, 369 U.S. 749, 770 (1962); <u>see</u>,

8  <u>e.g.</u>, <u>United States v. Neil</u>, 166 F.3d 943, 947–948 (9th Cir. 1999)

9  (district court did not err in granting a motion to amend the

10  indictment, during jury deliberations, where one bank robbery count

11  referred to the wrong bank); <u>United States v. Lim</u>, 984 F.2d 331, 337

12  (9th Cir. 1993) (district court did not err in amending typographical

13  error in statute citation).  "An amendment of form and not of

14  substance occurs when the defendant is not misled in any sense, is

15  not subjected to any added burden, and is not otherwise prejudiced."

16  <u>United States v. Kegler</u>, 724 F.2d 190, 194 (D.C. Cir. 1983) (citing

17  <u>Williams v. United States</u>, 179 F.2d 656, 659 (5th Cir. 1950)).

18      Amending an indictment to conform it to the defendant's

19  preferred name is proper as long as the offense charged is not

20  changed and the rights of the defendant are not prejudiced.  <u>See</u>,

21  <u>e.g.</u>, <u>United States v. Perez</u>, 776 F.2d 797, 799 (9th Cir. 1985)

22  (permitting the indictment which originally named "Gregorio C. Perez

23  Jr. aka Junior Perez," to be changed by amendment to "Junior Cruz

24  Perez"), <u>overruled on other grounds by</u> <u>United States v. Cabaccang</u>,

25  332 F.3d 622, 634 (9th Cir. 2003).

26      Here, the Indictment lists "Gabriel Pinosa Salazar" as the

27  primary name for defendant, and then provides several "aka" names,

28  including "Jesus Raul Salazar-Espinoza," underneath that primary

2

ER 73

name.  During the initial appearance before the magistrate judge on
June 2, 2017, however, defendant admitted his true name as "Jesus
Raul Salazar-Espinoza."  (Dkt. 9.)  Thus, the Indictment should be
amended to list "Jesus Raul Salazar-Espinoza" as defendant's primary
name, followed by "Gabriel Pinosa Salazar" as an "aka."  The
amendment goes to form, rather than substance, because defendant has
not been misled, would not be subjected to any added burden, and
would not be otherwise prejudiced.  Defendant has not been misled –
and he would not be prejudiced by the proposed amendment – because
his "aka" was already listed on the existing indictment; he was
therefore aware that the government believed he was known by the name
"Jesus Raul Salazar-Espinoza."  And because the amendment merely
modifies the caption to reflect the primary and true name provided by
defendant during his initial appearance approximately 10 days ago, he
is not burdened by the government's proposed amendment.

**III. CONCLUSION**

For the reasons stated above, the government respectfully
requests that the Court amend the Indictment to list "JESUS RAUL
SALAZAR-ESPINOZA" as defendant's primary name in the case caption,
and identify "Gabriel Pinosa Salazar" as an "aka."

Dated: June 12, 2017            Respectfully submitted,

                                SANDRA R. BROWN
                                Acting United States Attorney

                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division


                                _____/s/_____
                                WILLIAM M. ROLLINS
                                Assistant United States Attorney
                                Attorneys for the UNITED STATES

3

<u>Declaration of William M. Rollins</u>

I, William M. Rollins, hereby state and declare as follows:

1.    I am an Assistant United States Attorney ("AUSA") for the Central District of California assigned to handle the case of United States v. Jesus Raul Salazar-Espinoza ("defendant"), CR 17-288-AB.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the indictment filed in this case on May 16, 2017.

3.    At the initial appearance held in this case on June 2, 2017, the Court's Minute Order reflects that defendant admitted his true name as "Jesus Raul Salazar-Espinoza."  (Dkt. 9.)

4.    Attached hereto as **Exhibit B** is a copy of the government's proposed amended indictment.

5.    Executed in Los Angeles County, California this 10th day of June, 2017.

_____/s/ William M. Rollins_____
WILLIAM M. ROLLINS

**EXHIBIT A**

FILED

2017 MAY 16 PM 2:10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>GABRIEL PINOSA SALAZAR,<br>  aka "Pedro,"<br>  aka "Jesus Salazar<br>     Cervantes,"<br>  aka "Jesus Raul Salazar-<br>     Espinoza,"<br><br>        Defendant. | CR No. 17- **CR17- 0288**<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii): Possession with<br>Intent to Distribute<br>Methamphetamine; 21 U.S.C.<br>§§ 841(a)(1), (b)(1)(A)(i):<br>Possession with Intent to<br>Distribute Heroin; 21 U.S.C.<br>§§ 841(a)(1), (b)(1)(C):<br>Possession with Intent to<br>Distribute Fentanyl; 18 U.S.C.<br>§ 924(c)(1)(A)(i): Possession of a<br>Firearm in Furtherance of a Drug<br>Trafficking Crime; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of a Firearm and Ammunition] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 3, 2015, in Los Angeles County, within the

Central District of California, defendant GABRIEL PINOSA SALAZAR,

also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka

"Jesus Raul Salazar-Espinoza," knowingly and intentionally possessed

1   with intent to distribute at least 500 grams, that is, approximately
2   3.919 kilograms, of a mixture and substance containing a detectable
3   amount of methamphetamine, a Schedule II controlled substance.

ER 78

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant GABRIEL PINOSA SALAZAR, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza," knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 2.717 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

ER 79

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant GABRIEL PINOSA SALAZAR, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant GABRIEL PINOSA SALAZAR, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza," knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i), as charged in Count Two of this Indictment, and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

ER 81

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant GABRIEL PINOSA SALAZAR, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza" ("SALAZAR"), knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, and ammunition, namely, approximately 11 rounds of Fiocchi .380 caliber ammunition and 14 rounds of Poonsan Corporation .380 caliber ammunition, in and affecting interstate and foreign commerce.

Such possession occurred after defendant SALAZAR had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Los Angeles, in case number TA111422, on or about March 24, 2010;

(2) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A038499, on or about May 8, 1989; and

//
//
//
//
//
//

6

ER 82

(3) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A043181, on or about April 17, 1989.

A TRUE BILL

/S/
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

LIZABETH A. RHODES
Assistant United States Attorney
Chief, General Crimes Section

ROBYN K. BACON
Assistant United States Attorney
Deputy Chief, General Crimes
Section

VICTORIA A. DEGTYAREVA
Assistant United States Attorney
General Crimes Section

7

ER 83

# EXHIBIT B

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                    February 2017 Grand Jury

11   UNITED STATES OF AMERICA,        CR No. 17-288-AB

12            Plaintiff,              <u>I N D I C T M E N T</u>

13            v.                      [21 U.S.C. §§ 841(a)(1),
                                      (b)(1)(A)(viii): Possession with
14   JESUS RAUL SALAZAR-ESPINOZA,     Intent to Distribute
        aka "Pedro,"                  Methamphetamine; 21 U.S.C.
15      aka "Jesus Salazar            §§ 841(a)(1), (b)(1)(A)(i):
          Cervantes,"                 Possession with Intent to
16      aka "Gabriel Pinosa Salazar," Distribute Heroin; 21 U.S.C.
                                      §§ 841(a)(1), (b)(1)(C):
17            Defendant.              Possession with Intent to
                                      Distribute Fentanyl; 18 U.S.C.
18                                    § 924(c)(1)(A)(i): Possession of a
                                      Firearm in Furtherance of a Drug
19                                    Trafficking Crime; 18 U.S.C.
                                      § 922(g)(1): Felon in Possession
20                                    of a Firearm and Ammunition]

21

22        The Grand Jury charges:

23                         COUNT ONE

24            [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

25        On or about December 3, 2015, in Los Angeles County, within the

26   Central District of California, defendant JESUS RAUL SALAZAR-

27   ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar

28   Cervantes," aka "Gabriel Pinosa Salazar," knowingly and intentionally

1    possessed with intent to distribute at least 500 grams, that is,

2    approximately 3.919 kilograms, of a mixture and substance containing

3    a detectable amount of methamphetamine, a Schedule II controlled

4    substance.

ER 86

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 2.717 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

ER 87

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

4

ER 88

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i), as charged in Count Two of this Indictment, and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

5

ER 89

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant JESUS RAUL SALAZAR-ESPINOZA, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Gabriel Pinosa Salazar," knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, and ammunition, namely, approximately 11 rounds of Fiocchi .380 caliber ammunition and 14 rounds of Poonsan Corporation .380 caliber ammunition, in and affecting interstate and foreign commerce.

Such possession occurred after defendant SALAZAR had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Los Angeles, in case number TA111422, on or about March 24, 2010;

(2) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A038499, on or about May 8, 1989; and

//
//
//
//
//
//

6

ER 90

    (3) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A043181, on or about April 17, 1989.

A TRUE BILL

_____

Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

LIZABETH A. RHODES
Assistant United States Attorney
Chief, General Crimes Section

ROBYN K. BACON
Assistant United States Attorney
Deputy Chief, General Crimes
Section

WILLIAM M. ROLLINS
Assistant United States Attorney
General Crimes Section

7

ER 91

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - ARRAIGNMENT

Case Number: 2:17-CR-00288        Recorder: CS 06/02/2017        Date: 06/02/2017

Present: The Honorable Jacqueline Chooljian, U.S. Magistrate Judge

Court Clerk: Hana Rashad                    Assistant U.S. Attorney: Sarah Lee

| United States of America v. | Attorney Present for Defendant(s) | Language | Interpreter |
|---|---|---|---|
| GABRIEL PINOSA SALAZAR, aka Pedro, aka Jesus Salazar Cervantes, aka Jesus Raul Salazar-Espinoza      CUSTODY-PRESENT | KIM SAVO      DFPD | SPANISH | F. JAVIER VILLALOBOS |

**PROCEEDINGS: ARRAIGNMENT OF DEFENDANT(S) AND ASSIGNMENT OF CASE .**

Defendant is arraigned and states true name is Jesus Raul Salazar-Espinoza.

Defendant is given a copy of the Indictment.

Defendant acknowledges receipt of a copy and waives reading thereof.

Defendant pleads not guilty to all counts in the Indictment.

This case is assigned to the calendar of District Judge Andre Birotte Jr..
It is ordered that the following date(s) and time(s) are set:
    Jury Trial 07/25/2017 at 8:30 AM
    Status Conference 06/19/2017 at 1:30 PM
    Defendant and counsel are ordered to appear before said judge at the time and date indicated.

    Counsel are referred to the assigned judge's trial/discovery order located on the Court's website, Judges' Procedures and Schedules.

    Trial estimate: 3 days.

First Appearance/Appointment of Counsel: 00 : 00
PIA: 00 : 01
Initials of Deputy Clerk: HR by TRB

cc: Statistics Clerk, PSALA Interpreter, USMLA

ER 92

6/6/2017

FILED
CLERK, U.S. DISTRICT COURT

JUN - 2 2017

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )    Case No. 2:17-CR-288
                                )
                Plaintiff,      )    ORDER OF PRETRIAL DETENTION
                                )    AFTER HEARING
        v.                      )    (18 U.S.C. § 3142(i))
                                )
Gabriel Pinosa Salazar,         )
                                )
                Defendant.      )
_____)

                            I.

    A.   (✓) Upon motion of the Government in a case that involves:

             1.   ( ) a crime of violence or an offense listed in
                      18 U.S.C. § 2332b(g)(5)(B), for which a
                      maximum term of imprisonment of ten (10)
                      years or more is prescribed; or

             2.   ( ) an offense for which the maximum sentence is
                      life imprisonment or death; or

             3.   (✓) an offense for which a maximum term of
                      imprisonment of ten (10) years or more is
                      prescribed in the Controlled Substances Act,
                      Controlled Substances Import and Export Act
                      or Maritime Drug Law Enforcement Act; or

          4.    ( ) any felony if defendant has been convicted of
                two or more offenses described in
                subparagraphs 1-3 above, or two or more state
                or local offenses that would have been
                offenses described in subparagraphs 1-3 above
                if a circumstance giving rise to federal
                jurisdiction had existed, or a combination of
                such offenses.
          5.    ( ) any felony that is not otherwise a crime of
                violence that involves a minor victim, or
                possession or use of a firearm or destructive
                device or any other dangerous weapon, or a
                failure to register under 18 U.S.C. § 2250.
     B.    Upon motion ( ✓ ) of by the Government ( ) of the Court sua
           sponte, in a case that involves:
           1.    ( ✓ ) a serious risk that defendant will flee;
           2.    ( ) a serious risk that defendant will
                 a.   ( ) obstruct or attempt to obstruct justice;
                      or
                 b.   ( ) threaten, injure, or intimidate a
                           prospective witness or juror or attempt
                           to do so.
     C.    The Government ( ✓ ) is ( ) is not entitled to a rebuttable
presumption that no condition or combination of conditions will
reasonably assure defendant's appearance as required and the safety of
any person or the community.

ER 94

II.

A.    ( ✓ )    The Court finds by a preponderance of the evidence
              that no condition or combination of conditions
              will reasonably assure the appearance of defendant
              as required;

B.    ( ✓ )    The Court finds by clear and convincing evidence
              that no condition or combination of conditions
              will reasonably assure the safety of any other
              person and the community.

III.

The Court has considered:

A.    ( ✓ )  the nature and circumstances of the offense(s) charged;

B.    ( ✓ )  the weight of the evidence against defendant;

C.    ( ✓ )  the history and characteristics of defendant;

D.    ( ✓ )  the nature and seriousness of the danger to any person
            or the community that would be posed by defendant's
            release;

E.    ( ✓ )  the Pretrial Services Report/Recommendation;

F.    ( ✓ )  the evidence proffered/presented at the hearing;

G.    ( ✓ )  the arguments of counsel.

///
///
///
///
///
///

3

ER 95

IV.

The Court concludes:

A.   (  )  Defendant poses a risk to the safety of other persons
          and the community based on: _____

          _____

          _____

          _____

B.   (  )  Defendant poses a serious flight risk based on: _____

          _____

          _____

          _____

C.   (  )  A serious risk exists that defendant will:

          1.   (  )  obstruct or attempt to obstruct justice;

          2.   (  )  threaten, injure or intimidate a prospective
                    witness or juror or attempt to do so;

     based on: _____

          _____

          _____

          _____

D.   (✓)  Defendant has not rebutted by sufficient evidence to
          the contrary the presumption provided in 18 U.S.C.
          § 3142(e) that no condition or combination of
          conditions will reasonably assure the safety of any
          other person and the community;

     and/or

4

ER 96

 1     ( ) Defendant has not rebutted by sufficient evidence to

 2       the contrary the presumption provided in 18 U.S.C.

 3       § 3142(e) that no condition or combination of

 4       conditions will reasonably assure the appearance of

 5       defendant as required.

 6  IT IS ORDERED that defendant be detained prior to trial.

 7  IT IS FURTHER ORDERED that defendant be committed to the custody

 8 of the Attorney General for confinement to a corrections facility

 9 separate, to the extent practicable, from persons awaiting or serving

10 sentences or persons held in custody pending appeal.

11  IT IS FURTHER ORDERED that defendant be afforded reasonable

12 opportunity for private consultation with defendant's counsel.

13  IT IS FURTHER ORDERED that, on Order of a Court of the United

14 States or on request of an attorney for the Government, the person in

15 charge of the corrections facility in which defendant is confined

16 deliver defendant to a United States Marshal for the purpose of an

17 appearance in connection with a court proceeding.

18  DATED:  6/2/17

19

20                  

21         HONORABLE JACQUELINE CHOOLJIAN
          United States Magistrate Judge

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Western Division |
| Plaintiff, | |
| vs. | Case Number: 2:17-CR-00288-UA-1    Indictment |
| | Initial App. Date: 06/02/2017    Custody |
| Gabriel Pinosa Salazar | Initial App. Time: 2:00 PM |
| Defendant. | Date Filed: 05/16/2017 |
| | Violation: 21:841(a)(1),(b)(1)(A)(viii), 21:841(a)(1),(b)(1)(A)(i), 21:841(a)(1),(b)(1)(C), 18:924(c)(1)(A)(i), 18:922(g)(1) |
| | CourtSmart / Reporter    C/S  06/02/17 |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: Jacqueline Chooljian | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

PRESENT:    Rashad, Hana    _Sarah Lee_    Spanish
Deputy Clerk    Assistant U.S. Attorney    Interpreter/Language

☐ INITIAL APPEARANCE NOT HELD - CONTINUED
☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and preliminary hearing (A), removal hearing / Rule 20.
☑ Defendant states true name is as charged ☑ is _Jesus Raul Salazar-Espinoza_ (Crt to Govt Counsel
☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record. ☑ There may be an amendment needed to the charging document!!
☑ Defendant advised of consequences of false statement in financial affidavit. ☐ Financial Affidavit ordered SEALED.
☑ Attorney: Kim Savo, DFPD    ☐ Appointed    ☐ Prev. Appointed    ☐ Poss. Contribution (see separate order)
☐ Special appearance by
☐ Government's request for detention is: ☑ GRANTED ☐ DENIED ☐ WITHDRAWN ☐ CONTINUED
☑ Defendant is ordered ☑ Permanently Detained ☐ Temporarily Detained (see separate order).
☐ BAIL FIXED AT $ _____ (SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)
☐ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☐ GRANTED ☐ DENIED
☐ Preliminary Hearing waived.
☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties
☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.
☐ PO/PSA WARRANT ☐ Counsel are directed to contact the clerk for
District Judge _____ for the setting of further proceedings.
☐ Preliminary Hearing set for _____ at 4:30 PM
☐ PIA set for: _____ at 1:00PM in LA; at 9:30 AM in Riverside; at 10:00 AM in Santa Ana
☐ Government's motion to dismiss case/defendant _____ only; ☐ GRANTED ☐ DENIED
☐ Defendant's motion to dismiss for lack of probable cause. ☐ GRANTED ☐ DENIED
☐ Defendant executed Waiver of Rights. ☐ Process received.
☐ Court ORDERS defendant Held to Answer to _____ District of _____
☐ Bond to transfer, if bail is posted. Defendant to report on or before _____
☐ Warrant of removal and final commitment to issue. Date issued: _____ By CRD: _____
☐ Warrant of removal and final commitment are ordered stayed until _____
☐ Case continued to (Date) _____ (Time) _____ AM / PM
Type of Hearing _____ Before Judge _____ /Duty Magistrate Judge.
Proceedings will be held in the ☐ Duty Courtroom ☐ Judge's Courtroom
☑ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.
☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.
☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.
☐ RELEASE ORDER NO. _____
☑ Other: _PIA held. See separate minutes_

☐ PSD   ☐ IFP   ☑ FINANCIAL   ☑ READY
☑ Stmt Rts   Deputy Clerk Initials _HR_
_____ : _4 min._

M-5 (10/13)    CALENDAR/PROCEEDING SHEET - LOCAL/OUT-OF-DISTRICT CASE    Page 1 of 1

ER 98

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - LOS ANGELES

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 17-288-AB |
| | ) | |
| Plaintiff, | ) | Los Angeles, California |
| | ) | Friday, June 2, 2017 |
| v. | ) | 3:23 P.M. to 3:35 P.M. |
| | ) | |
| GABRIEL PINOSA SALAZAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JACQUELINE CHOOLJIAN,
UNITED STATES MAGISTRATE JUDGE.


Appearances:                    See Page 2

Deputy Clerk:                   Hana Rashad

Court Reporter:                 Recorded; CourtSmart

Transcription Service:          JAMS Certified Transcription
                                16000 Ventura Boulevard #1010
                                Encino, California  91436
                                (661) 609-4528


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

APPEARANCES:

For the Plaintiff:        The United States Attorney's Office
                          Central District of California
                          Criminal Division
                          By:  SONAH LEE
                          312 North Spring Street, 12th Floor
                          Los Angeles, California  90012
                          (213) 894-2400
                          USACAC.Criminal@usdoj.gov


For the Defendant:        Federal Public Defender
                          Central District of California
                          By:  KIM SAVO
                          321 East Second Street
                          Los Angeles, California  90012-4206
                          (213) 894-2854 (main)
                          kim.savo@fd.org


Also Appearing:           Javier Villalobos
                          Spanish Language Interpreter

LOS ANGELES, CALIFORNIA, FRIDAY, JUNE 2, 2017, 3:23 P.M.

(Call to Order of the Court.)

UNIDENTIFIED SPEAKER:  Excuse me, Your Honor?

THE COURT:  Yes?

UNIDENTIFIED SPEAKER:  There are two other defendants back in lockup that are coming before you today also.

THE COURT:  That require interpreters?

UNIDENTIFIED SPEAKER:  Yes.

THE COURT:  Okay.  Which --

UNIDENTIFIED SPEAKER:  (Indecipherable.)

THE COURT:  Yeah.  Because they're not on the calendar as requiring interpreters.  Maybe you can coordinate.

(Clerk confers with unidentified speaker.)

THE COURT:  Okay.  Let's just go.

All right.  We're not calling the cases yet, but you can stand there and translate.

So at this time I wish to advise the two defendants who are present of their constitutional and statutory rights in connection with these proceedings.  Please listen carefully.

You are here because you are charged with a criminal offense against the United States or with a supervised release violation.  You have received or will

receive a copy of the charging document.

You have the following constitutional and statutory rights:

You have the right to retain and be represented by an attorney of your own choosing at each and every stage of the proceedings.

If you cannot afford an attorney, you have a right to request that the Court appoint an attorney to represent you. An appointed attorney will be paid by the Government at no cost to you. You must, however, submit a financial affidavit to the Court before counsel will be appointed. If you make any false or misleading statements in that affidavit or if you willfully omit pertinent information, you'll be subject to further prosecution for violating federal law.

You have a right to remain silent. Anything you say, sign, or write may be introduced against you in this or in any other court proceeding.

You have a right to have bail determined in accordance with the provisions of the Bail Reform Act.

If the Government seeks detention, you have the right to have a hearing on the first date of your appearance or within three to five court days if a continuance is requested and granted.

In the event you are detained, you have a right, upon written application, to have the detention order

reviewed by an assigned district judge.  You may be present
at any hearing where further argument may be heard regarding
detention.

        If you are not a United States citizen, you have a
right to request that an attorney for the Government or a
federal law enforcement official notify a consular office
from your country of nationality that you have been arrested,
but even without such a request, it may be that a treaty or
other international agreement requires such consular
notification.

        Just one moment.

        (Court confers with clerk.)

        THE COURT:  So, if you are here on a complaint and
affidavit, you have a right to a preliminary hearing or to
have the case presented to the grand jury within 14 days of
this date if you remain in custody and 21 days if you're
released on bond.

        A preliminary hearing is a proceeding in which the
Government presents its evidence and a judge decides if there
is probable cause to believe the offense charged has been
committed and that you have committed it.  If probable cause
is not found, the matter will be submitted -- pardon me --
dismissed.  If probable cause is found, you will be required
to enter a plea to the charges.

        Probable cause also may be established by the

return of an indictment by a grand jury. If an indictment is returned prior to or on the date set for the preliminary hearing, the probable cause requirement is satisfied and no preliminary hearing will be held. You'll then appear to plead to the indictment.

If you are here on a Central District indictment, you're entitled to a speedy and public trial by jury or by a judge alone if jury is waived.

You are entitled to be present at this arraignment and all proceedings which follow, including, without limitation, the time of the plea; every stage of the trial, including the paneling of the jury and the return of any verdict; and at the imposition of any sentence.

You are entitled to see and hear the evidence and witnesses against you and to cross-examine those witnesses.

You are entitled to subpoena witnesses and to compel the production of other evidence on your own behalf.

It is not necessary to prove your innocence. It is the burden of the Government to prove guilt by proof beyond a reasonable doubt.

For your plea and further proceedings, your case has been or will be assigned to a district judge. The particular judge for your case has been or will be selected randomly and will be announced after you're arraigned.

All motions other than those relating to bail or

detention are reserved and must be made before the district judge to whom the case is assigned. However, if the district judge has requested that I take the not guilty pleas, you'll be asked to enter a not guilty plea today, and a trial date will be set.

Okay. You can call these two cases.

THE CLERK: Calling Case No. 17 CR-288, *United States of America v. Gabriel Pinosa Salazar*.

KIM SAVO: Good afternoon, Your Honor. Kim Savo from the Federal Public Defender on behalf of Jesus Raul Salazar-Espinoza. He is present in custody before the Court being assisted by the Spanish language interpreter, seeking appointment of counsel.

THE COURT: All right.

Sir, is your true name -- I'm sorry. I have --

MS. SAVO: Jesus Raul Salazar-Espinoza.

THE COURT: Okay. I have the wrong file.

(Court confers with clerk.)

THE COURT: Okay. Sorry. All right. Sorry.

MS. SAVO: Giving you the true name.

THE COURT: Yes. So we've got every variation today.

Okay. So, sir, your true name is Jesus Paul [sic] Salazar-Espinoza?

THE DEFENDANT: Yes.

THE COURT:  All right.  So I'm letting Government counsel know that that is the defendant's stated true name, and there may be an amendment needed to the charging document on that basis.  All right?

SONAH LEE:  Yes, Your Honor.

THE COURT:  All right.

Sir, has this -- well, did you hear and understand the statement of rights that I read earlier?

THE DEFENDANT:  Yes.

THE COURT:  All right.  And was this written statement of constitutional rights form translated for you?

THE DEFENDANT:  Yes.

THE COURT:  And did you sign that waiver -- I'm sorry -- that statement of rights?

THE DEFENDANT:  That's the one I signed; right?

THE COURT:  Yes.

And, Counsel, you signed that statement of rights as well?

MS. SAVO:  I did.

THE COURT:  All right.

Sir, was this financial affidavit translated for you?

THE DEFENDANT:  Yes.

THE COURT:  And did you provide the information that was placed on the form?

THE DEFENDANT:  Yes.

THE COURT:  And did you sign it understanding you were doing so under penalty of perjury?

THE DEFENDANT:  Yes.

THE COURT:  All right.  The Court will appoint the Federal Public Defender's Office and the person of Ms. Savo.

All right.  Sir, have you -- was the Indictment -- that is, the charging document -- translated for you?

THE DEFENDANT:  Yes.

THE COURT:  Without telling me whether you admit or deny what's alleged, can you tell me:  Do you understand what it is the Government claims you did to violate the law?

THE DEFENDANT:  Yes.

THE COURT:  All right.  The Government has filed a request for detention.

Ms. Savo, the defense's position on that request at this point in time?

MS. SAVO:  Your Honor, we're not seeking bail at this time.  We simply ask that the Court enter that order without prejudice.

THE COURT:  All right.

And, Ms. Lee, can you make a proffer and include in that a statement as to whether or not this is a presumption case.

MS. LEE:  I apologize.  I was --

(Pause.)

THE COURT:  So you're proffering, I assume, the Indictment and the Pretrial Services Report?

MS. LEE:  Yes, Your Honor.

THE COURT:  Okay.  And it is a presumption case?

MS. LEE:  It is a presumption case, Your Honor.

THE COURT:  Okay.  That's sufficient.

The Court will grant the Government's motion and find that the defendant has not at this point in time rebutted the presumption that he is a flight risk and danger to the community.  That order is without prejudice.  So should there come to light facts that cause the defense to believe it's appropriate to seek reconsideration, nothing in the order today prevents the defense from doing so.

All right.  This case has been assigned to District Judge Andre Birotte, Jr.  Judge Birotte asks that we take a not guilty plea at this time.

THE CLERK:  Jesus Raul Salazar-Espinoza, how do you plead to the charges contained in the Indictment?

THE DEFENDANT:  Not guilty.

THE COURT:  All right.  And can I ask the Government for a trial estimate, please.

MS. LEE:  I believe the trial would take about three days, Your Honor.

THE COURT:  I'm sorry.  Did you say three days or

three weeks?

        MS. LEE:  Three days, Your Honor.

        THE COURT:  Three days.  Okay.

        All right.  Judge Birotte directs us to set two dates.

        The first is for a status conference.  That date is June 19, '17, at 1:30 p.m.  Once again, for status, 6/19/17, 1:30 p.m.

        For jury trial, July 25, '17, at 8:30 a.m.  Once again, for jury trial, 7/25/17 at 8:30 a.m.

        The parties are referred to Judge Birotte's procedures and schedules, and you go there to obtain a copy of his discovery order.  That's on the court's web site, www.cacd.uscourts.gov.

        Judge Birotte is located in Courtroom 7B -- as in "boy" -- in the First Street Courthouse.

        Anything else in this matter at this time?

        MS. LEE:  Nothing further from the Government, Your Honor.

        MS. SAVO:  Not at this time.  Thank you, Your Honor.

        THE COURT:  Thank you.

    (Proceedings adjourned at 3:35 p.m.)

///

///

CERTIFICATE

I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceedings in the
above-entitled matter.


/s/ Julie Messa_____          March 17, 2020
Julie Messa, CET**D-403         Date
Transcriber

FILED

1  SANDRA R. BROWN
   Acting United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   VICTORIA A. DEGTYAREVA (Cal. Bar No. 284199)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-7635
7       Facsimile: (213) 894-0141
        E-mail:   victoria.degtyareva@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

2017 MAY 16 PM 2: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR **CR17- 0288**

13          Plaintiff,               GOVERNMENT'S NOTICE OF REQUEST FOR
                                     DETENTION
14          v.

15  GABRIEL PINOSA SALAZAR,
      aka "Pedro,"
16    aka "Jesus Salazar
          Cervantes,"
17    aka "Jesus Raul Salazar,"

18          Defendant.

19

20       Plaintiff, United States of America, by and through its counsel

21  of record, hereby requests detention of defendant and gives notice of

22  the following material factors:

23  ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

24          following grounds:

25       ☐  a.   present offense committed while defendant was on release

26              pending (felony trial),

27

28

ER 111

1    ☐    b.    defendant is an alien not lawfully admitted for

2              permanent residence; and

3

4    ☐    c.    defendant may flee; or

5    ☐    d.    pose a danger to another or the community.

6   ☒   2.    Pretrial Detention Requested (§ 3142(e)) because no

7          condition or combination of conditions will reasonably

8          assure:

9    ☒    a.    the appearance of the defendant as required;

10   ☒    b.    safety of any other person and the community.

11  ☐   3.    Detention Requested Pending Supervised Release/Probation

12         Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

13         § 3143(a)):

14   ☐    a.    defendant cannot establish by clear and convincing

15             evidence that he/she will not pose a danger to any

16             other person or to the community;

17   ☐    b.    defendant cannot establish by clear and convincing

18             evidence that he/she will not flee.

19  ☒   4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.

20         § 3142(e)):

21   ☒    a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

22             (46 U.S.C. App. 1901 et seq.) offense with 10-year or

23             greater maximum penalty (presumption of danger to

24             community and flight risk);

25   ☐    b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

26             2332b(g)(5)(B) with 10-year or greater maximum penalty

27             (presumption of danger to community and flight risk);

28

ER 112

```
 1          □  c.   offense involving a minor victim under 18 U.S.C.
 2                  §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
 3                  2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
 4                  2260, 2421, 2422, 2423 or 2425 (presumption of danger
 5                  to community and flight risk);
 6          □  d.   defendant currently charged with an offense described
 7                  in paragraph 5a - 5e below, AND defendant was
 8                  previously convicted of an offense described in
 9                  paragraph 5a - 5e below (whether Federal or
10                  State/local), AND that previous offense was committed
11                  while defendant was on release pending trial, AND the
12                  current offense was committed within five years of
13                  conviction or release from prison on the above-
14                  described previous conviction (presumption of danger to
15                  community).
16     ☒  5.   Government Is Entitled to Detention Hearing Under § 3142(f)
17             If the Case Involves:
18          □  a.   a crime of violence (as defined in 18 U.S.C.
19                  § 3156(a)(4)) or Federal crime of terrorism (as defined
20                  in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum
21                  sentence is 10 years' imprisonment or more;
22          □  b.   an offense for which maximum sentence is life
23                  imprisonment or death;
24          ☒  c.   Title 21 or MDLEA offense for which maximum sentence is
25                  10 years' imprisonment or more;
26          □  d.   any felony if defendant has two or more convictions for
27                  a crime set forth in a-c above or for an offense under
28
```

3

ER 113

```
 1                          state or local law that would qualify under a, b, or c
 2                          if federal jurisdiction were present, or a combination
 3                          or such offenses;
 4              ☐    e.     any felony not otherwise a crime of violence that
 5                          involves a minor victim or the possession or use of a
 6                          firearm or destructive device (as defined in 18 U.S.C.
 7                          § 921), or any other dangerous weapon, or involves a
 8                          failure to register under 18 U.S.C. § 2250;
 9              ☒    f.     serious risk defendant will flee;
10              ☐    g.     serious risk defendant will (obstruct or attempt to
11                          obstruct justice) or (threaten, injure, or intimidate
12                          prospective witness or juror, or attempt to do so).
13        ☐    6.    Government requests continuance of _____ days for detention
14                   hearing under § 3142(f) and based upon the following
15                   reason(s):
16
17        _____
18        _____
19        _____
20  //    _____
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //
```

4

ER 114

1    ☐   7.   Good cause for continuance in excess of three days exists in

2             that:

3

4    _____

5    _____

6    _____

7    _____

8    Dated: May 16, 2017              Respectfully submitted,

9                                     SANDRA R. BROWN
                                      Acting United States Attorney
10

11                                    LAWRENCE S. MIDDLETON
                                      Assistant United States Attorney
                                      Chief, Criminal Division
12

13                                    _____
                                      VICTORIA A. DEGTYAREVA
14                                    Assistant United States Attorney

15                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
16

17

18

19

20

21

22

23

24

25

26

27

28

ER 115

FILED

2017 MAY 16 PM 2:11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>GABRIEL PINOSA SALAZAR,<br>   aka "Pedro,"<br>   aka "Jesus Salazar<br>     Cervantes,"<br>   aka "Jesus Raul Salazar-<br>     Espinoza,"<br><br>      Defendant. | CR No. 17- **CR17- 0288**<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii): Possession with<br>Intent to Distribute<br>Methamphetamine; 21 U.S.C.<br>§§ 841(a)(1), (b)(1)(A)(i):<br>Possession with Intent to<br>Distribute Heroin; 21 U.S.C.<br>§§ 841(a)(1), (b)(1)(C):<br>Possession with Intent to<br>Distribute Fentanyl; 18 U.S.C.<br>§ 924(c)(1)(A)(i): Possession of a<br>Firearm in Furtherance of a Drug<br>Trafficking Crime; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of a Firearm and Ammunition] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 3, 2015, in Los Angeles County, within the

Central District of California, defendant GABRIEL PINOSA SALAZAR,

also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka

"Jesus Raul Salazar-Espinoza," knowingly and intentionally possessed

ER 116

1  with intent to distribute at least 500 grams, that is, approximately
2  3.919 kilograms, of a mixture and substance containing a detectable
3  amount of methamphetamine, a Schedule II controlled substance.

2

ER 117

1

2

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the
Central District of California, defendant GABRIEL PINOSA SALAZAR,
also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka
"Jesus Raul Salazar-Espinoza," knowingly and intentionally possessed
with intent to distribute at least one kilogram, that is,
approximately 2.717 kilograms, of a mixture and substance containing
a detectable amount of heroin, a Schedule I controlled substance.

ER 118

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant GABRIEL PINOSA SALAZAR, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

4

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant GABRIEL PINOSA SALAZAR, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza," knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i), as charged in Count Two of this Indictment, and possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

ER 120

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about December 3, 2015, in Los Angeles County, within the Central District of California, defendant GABRIEL PINOSA SALAZAR, also known as ("aka") "Pedro," aka "Jesus Salazar Cervantes," aka "Jesus Raul Salazar-Espinoza" ("SALAZAR"), knowingly possessed a firearm, namely, a Colt Government, model MKIV series 80, .380 caliber pistol, bearing serial number RS21330, and ammunition, namely, approximately 11 rounds of Fiocchi .380 caliber ammunition and 14 rounds of Poonsan Corporation .380 caliber ammunition, in and affecting interstate and foreign commerce.

Such possession occurred after defendant SALAZAR had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Los Angeles, in case number TA111422, on or about March 24, 2010;

(2) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A038499, on or about May 8, 1989; and

//
//
//
//
//
//

ER 121

(3) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number A043181, on or about April 17, 1989.

A TRUE BILL

/s/
_____
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

LIZABETH A. RHODES
Assistant United States Attorney
Chief, General Crimes Section

ROBYN K. BACON
Assistant United States Attorney
Deputy Chief, General Crimes
Section

VICTORIA A. DEGTYAREVA
Assistant United States Attorney
General Crimes Section

ER 122

Name  Angel Navarro

Address  1 S. Fair Oaks Avenue, Suite 401

City, State, Zip  Pasadena, CA 91105

Phone  (626) 390-6621

Fax  (213) 746-4435

E-Mail  angel_navarro@me.com

☐ FPD   ☐ Appointed   ☒ CJA   ☐ Pro Per   ☐ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>PLAINTIFF(S),<br><br>v.<br><br>Jesus Raul Salazar-Espinoza,<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>CR 17-00288-AB<br><br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ Jesus Raul Salazar-Espinoza _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☒ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ____ December 6, 2019 ____ . Entered on the docket in this action on __ December 6, 2019 __

A copy of said judgment or order is attached hereto.

December 19, 2019
_____
Date

Angel Navarro  /s/
_____
Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

ER 123

WESTERN,APPEAL,CLOSED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
### CRIMINAL DOCKET FOR CASE #: 2:17–cr–00288–AB–1

Case title: USA v. Salazar–Espinoza

Date Filed: 05/16/2017
Date Terminated: 12/10/2019

Assigned to: Judge Andre Birotte Jr

Appeals court case number: 19–50377 9th
CCA

**Defendant (1)**

| | |
|---|---|
| **Jesus Raul Salazar–Espinoza**<br>*TERMINATED: 12/10/2019*<br>*also known as*<br>Pedro<br>*TERMINATED: 12/10/2019*<br>*also known as*<br>Jesus Salazar Cervantes<br>*TERMINATED: 12/10/2019*<br>*also known as*<br>Jesus Raul Salazar–Espinoza<br>*TERMINATED: 12/10/2019*<br>*also known as*<br>Gabriel Pinosa Salazar<br>*TERMINATED: 12/10/2019* | represented by **Andrea Renee St Julian**<br>Andrea Renee St Julian<br>12707 High Bluff Drive Suite 200<br>San Diego, CA 92130<br>858–792–6366<br>Fax: 858–792–6069<br>Email: astjulian@san.rr.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Angel Navarro**<br>Angel Navarro Law Office<br>1 South Fair Oaks Avenue Suite 401<br>Pasadena, CA 91105<br>626–390–6621<br>Email: angel_navarro@me.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Kim Savo**<br>Federal Public Defenders Office<br>321 East 2nd Street<br>Los Angeles, CA 90012–4206<br>213–894–2854<br>Fax: 213–894–0081<br>Email: Kim_Savo@fd.org<br>*TERMINATED: 08/28/2017*<br>*Designation: Public Defender or Community*<br>*Defender Appointment* |

**Pending Counts**

**Disposition**

21:841(a)(1),(b)(1)(A)(viii)
POSSESSION WITH INTENT TO
DISTRIBUTE METHAMPHETAMINE
(1)

Defendant is committed on Counts 1 and 4 of
the Indictment to the Bureau of Prisons for
180 months, consisting of 120 months on
Count 1 and 60 months on Count 4, to be
served consecutively. Supervised release for
five years on each of Counts 1 and 4 of the
Indictment, all such terms to run
concurrently. Special assessment of $200. All
fines are waived.

18:924(c)(1)(A)(i)POSSESSION OF A
FIREARM IN FURTHERANCE OF A
DRUG TRAFFICKING CRIME
(4)

Defendant is committed on Counts 1 and 4 of
the Indictment to the Bureau of Prisons for
180 months, consisting of 120 months on
Count 1 and 60 months on Count 4, to be

<span style="color:red">ER 124 A</span>

served consecutively. Supervised release for
five years on each of Counts 1 and 4 of the
Indictment, all such terms to run
concurrently. Special assessment of $200. All
fines are waived.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 21:841(a)(1),(b)(1)(A)(i)POSSESSION WITH INTENT TO DISTRIBUTE HEROIN (2) | On the Government's motion, all remaining counts of the underlying Indictment are ordered dismissed. |
| 21:841(a)(1),(b)(1)(C)POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL (3) | On the Government's motion, all remaining counts of the underlying Indictment are ordered dismissed. |
| 18:922(g)(1) FELON IN POSSESSION OF A FIREARM AND AMMUNITION (5) | On the Government's motion, all remaining counts of the underlying Indictment are ordered dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| **USA** | represented by | **Lauren Restrepo** |
|---|---|---|

**Lauren Restrepo**
AUSA – Office of US Attorney
Cyber and Intellectual Property Crimes
Section
312 North Spring Street 15th Floor
Los Angeles, CA 90012
213–894–3825
Fax: 213–894–0141
Email: lauren.restrepo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Victoria A Degtyareva**
AUSA – Office of US Attorney
Cyber and Intellectual Property Crimes
312 North Spring Street 15th Floor
Los Angeles, CA 90012
213–894–7635
Fax: 213–894–0142
Email: victoria.degtyareva@usdoj.gov
*TERMINATED: 05/19/2017*
*Designation: Assistant US Attorney*

**William Rollins**
AUSA – Office of US Attorney
General Crimes Section
312 North Spring Street Suite 1200

Los Angeles, CA 90012
213–894–7407
Fax: 213–894–0141
Email: william.rollins@usdoj.gov
*TERMINATED: 05/18/2018*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/16/2017 | 1 | INDICTMENT Filed as to Gabriel Pinosa Salazar (1) count(s) 1, 2, 3, 4, 5. Offense occurred in LA. (ja) (Entered: 05/19/2017) |
| 05/16/2017 | 3 | CASE SUMMARY filed by AUSA Victoria A Degtyareva as to Defendant Gabriel Pinosa Salazar; defendant's Year of Birth: 1967 (ja) (Entered: 05/19/2017) |
| 05/16/2017 | 4 | MEMORANDUM filed by Plaintiff USA as to Defendant Gabriel Pinosa Salazar in regards to the following Magistrate Judges: Jacqueline Chooljian, Patrick J. Walsh, Sheri Pym, Michael Wilner, Alka Sagar, Jean Rosenbluth, Douglas McCormick, Rozella Oliver, Gail J Standish, Steve Kim (ja) (Entered: 05/19/2017) |
| 05/16/2017 | 5 | MEMORANDUM filed by Plaintiff USA as to Defendant Gabriel Pinosa Salazar. This criminal action, being filed on 5/16/17, was not pending in the U. S. Attorneys Office before the date on which Judge Andre Birotte Jr, and Judge Michael W. Fitzgerald began receiving criminal matters. (ja) (Entered: 05/19/2017) |
| 05/16/2017 | 6 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Gabriel Pinosa Salazar (ja) (Entered: 05/19/2017) |
| 05/19/2017 | 7 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA William Rollins on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney William Rollins added to party USA(pty:pla))(Rollins, William) (Entered: 05/19/2017) |
| 06/02/2017 | 8 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Gabriel Pinosa Salazar; defendant's Year of Birth: 1967; date of arrest: 5/31/2017 (ja) (Entered: 06/07/2017) |
| 06/02/2017 | 9 | MINUTES OF ARREST ON INDICTMENT HEARING held before Magistrate Judge Jacqueline Chooljian as to Defendant Gabriel Pinosa Salazar. Defendant states true name as Jesus Raul Salazar–Espinoza. Attorney: Kim Savo for Gabriel Pinosa Salazar, Deputy Federal Public Defender, present. Court orders defendant Permanently detained. PIA held; see separate minutes. Defendant remanded to the custody of the USM. (SPANISH) INTERPRETER Required as to Defendant Gabriel Pinosa Salazar. Court to Government counsel: There may be an amendment needed to the charging document. Court Smart: CS 6/2/17. (ja) (Entered: 06/07/2017) |
| 06/02/2017 | 10 | STATEMENT OF CONSTITUTIONAL RIGHTS filed by Defendant Jesus Raul Salazar–Espinoza (ja) (Entered: 06/07/2017) |
| 06/02/2017 | 11 | ORDER OF DETENTION by Magistrate Judge Jacqueline Chooljian as to Defendant Jesus Raul Salazar–Espinoza (ja) (Entered: 06/07/2017) |
| 06/02/2017 | 12 | FINANCIAL AFFIDAVIT filed as to Defendant Jesus Raul Salazar–Espinoza. (Not for Public View pursuant to the E–Government Act of 2002) (ja) (Entered: 06/07/2017) |
| 06/02/2017 | 13 | MINUTES OF POST–INDICTMENT ARRAIGNMENT: held before Magistrate Judge Jacqueline Chooljian as to Defendant Jesus Raul Salazar–Espinoza (1) Count 1,2,3,4,5. Defendant arraigned, states true name: As stated. Defendant entered not guilty plea to all counts as charged. Attorney: Kim Savo, Deputy Federal Public Defender present. Case assigned to Judge Andre Birotte Jr..( Jury Trial set for 7/25/2017 08:30 AM before Judge Andre Birotte Jr., Status Conference set for 6/19/2017 01:30 PM before Judge Andre Birotte Jr.), (Spanish) INTERPRETER Required as to Defendant Jesus Raul Salazar–Espinoza Court Smart: CS 06/02/2017. (tba) (Entered: 06/07/2017) |
| 06/13/2017 | 14 | NOTICE OF MOTION AND MOTION to AMEND Indictment 1 Filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza. (Attachments: # 1 Proposed Order) (Rollins, William) (Entered: 06/13/2017) |

| 06/15/2017 | 15 | STIPULATION to Continue Trial Date from 7/25/17 to 10/10/17 filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza (Attachments: # 1 Proposed Order)(Rollins, William) (Entered: 06/15/2017) |
|---|---|---|
| 06/16/2017 | 16 | ORDER GRANTING THE GOVERNMENT'S UNOPPOSED MOTION TO AMEND THE INDICTMENT by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. Upon the Government's Motion 14 , IT IS HEREBY ORDERED that the indictment is amended to list "JESUS RAUL SALAZAR–ESPINOZA" as the primary name for defendant in this case. Exhibit B to the government's unopposed motion to amend shall be the operative indictment in this case, and the parties shall amend the case caption accordingly in all future filings. (gk) (Entered: 06/16/2017) |
| 06/16/2017 | 17 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. Jury Trial is continued to 10/10/2017 08:30 AM before Judge Andre Birotte Jr. Status Conference is continued to 9/11/2017 01:30 PM before Judge Andre Birotte Jr. (gk) (Entered: 06/16/2017) |
| 06/16/2017 | 18 | AMENDED INDICTMENT Filed as to Jesus Raul Salazar–Espinoza (1) count(s) 1, 2, 3, 4, 5 Re: Indictment 1 . Offense occurred in LA. (gk) (Entered: 06/19/2017) |
| 07/18/2017 | 19 | NOTICE TO PARTIES by District Judge Andre Birotte Jr.: Effective Monday, July 31, 2017, Judge Birotte will hear all criminal matters on Fridays at 1:30 p.m. Any hearing currently on calendar for Monday, July 31st or later will be heard Friday of the same week. Hearing deadlines in scheduling orders shall be read to reflect the same. Motions filed in the month of July will adhere to the current briefing schedule, with opposition and reply briefs due on Mondays. For any motion filed July 31, 2017, or later (noticed for hearing on Friday, September 1, 2017, or later) the briefing schedule shall adhere to Local Rules 7–9 and 7–10, these deadlines each falling on a Friday in accordance with the new Friday calendar dates: 21 days prior for opposition papers and 14 days prior for reply papers. All Jury Trials will still commence on Tuesdays. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(rrp) TEXT ONLY ENTRY (Entered: 07/18/2017) |
| 08/23/2017 | 20 | (IN CHAMBERS) ORDER SETTING STATUS CONFERENCE by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. A status conference is set for Monday, August 28, 2017 at 1:30 PM before Judge Andre Birotte Jr. Defendant and counsel are ordered to be present. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(cb) TEXT ONLY ENTRY (Entered: 08/23/2017) |
| 08/28/2017 | 21 | MINUTES OF Status Conference held before Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. The Court is advised that defendant requests that new counsel be appointed. A sealed hearing was held. The transcript of this portion of the proceeding is ordered sealed unless otherwise ordered by the Court. The Court GRANTS the request. The Court relieves the Federal Public Defender of representing the defendant and appoints Angel Navarro, CJA counsel for defendant Jose Raul Salazar–Espinoza. The trial remains set for 10/10/2017 at 8:30 AM. Court Reporter: Chia Mei Jui. (gk) (Entered: 08/29/2017) |
| 09/15/2017 | 23 | (IN CHAMBERS) ORDER CONTINUING STATUS CONFERENCE by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. The status conference previously scheduled for today, September 15, 2017 is hereby CONTINUED to Friday, September 29, 2017 at 1:30 PM before Judge Andre Birotte Jr. Defendant and counsel are ORDERED to appear on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(cb) TEXT ONLY ENTRY (Entered: 09/15/2017) |
| 09/22/2017 | 24 | STIPULATION to Continue Trial Date from 10/10/17 to 2/20/18 filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza (Attachments: # 1 Proposed Order)(Rollins, William) (Entered: 09/22/2017) |
| 09/26/2017 | 25 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Andre Birotte Jr as to Defendant Jesus Raul Salazar–Espinoza. Jury Trial is continued to 2/20/2018 08:30 AM before Judge Andre Birotte Jr. Status Conference is continued to 1/26/2018 08:30 AM before Judge Andre Birotte Jr. (gk) (Entered: 09/26/2017) |

| 10/01/2017 | 26 | EX PARTE APPLICATION for an Order Requiring Probation Office to Prepare a Pre–Plea Report. Filed by Defendant Jesus Raul Salazar–Espinoza. (Attachments: # 1 Proposed Order) (Navarro, Angel) (Entered: 10/01/2017) |
|---|---|---|
| 10/03/2017 | 27 | ORDER RE: PREPARATION OF PRE–PLEA PROBATION REPORT by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. Upon Defendant's Unopposed Ex Parte Application 26 , IT IS HEREBY ORDERED that the United States Probation Office prepare a pre–plea probation report with respect to defendant Jesus Raul Salazar–Espinoza's criminal history only. (gk) (Entered: 10/04/2017) |
| 01/10/2018 | 29 | STIPULATION to Continue Trial Date from 02/20/18 to 05/15/18 filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza (Attachments: # 1 Proposed Order)(Rollins, William) (Entered: 01/10/2018) |
| 01/11/2018 | 30 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Andre Birotte Jr as to Defendant Jesus Raul Salazar–Espinoza. THEREFORE, FOR GOOD CAUSE SHOWN: The trial in this matter is continued from February 20, 2018 to May 15, 2018. The status conference hearing is continued to April 20, 2018. (yl) (Entered: 01/12/2018) |
| 04/16/2018 | 31 | (IN CHAMBERS) ORDER CONTINUING STATUS CONFERENCE by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. This Court, on its own motion, hereby continues the Status Conference from April 20, 2018, to Friday, May 4, 2018, at 01:30 PM before Judge Andre Birotte Jr. Defendant and counsel are ordered to appear on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 04/16/2018) |
| 04/20/2018 | 32 | (IN CHAMBERS) ORDER CONTINUING STATUS CONFERENCE by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. This Court, on its own motion, hereby CONTINUES the Status Conference from May 4, 2018, to Friday, May 11, 2018, at 1:30 PM before Judge Andre Birotte Jr. Defendant and counsel are ordered to appear on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 04/20/2018) |
| 04/23/2018 | 33 | STIPULATION to Continue TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT from 5/15/18 to 9/18/18 filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza (Attachments: # 1 Proposed Order CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT)(Rollins, William) (Entered: 04/23/2018) |
| 04/24/2018 | 34 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. Jury Trial is continued to 9/18/2018 08:30 AM before Judge Andre Birotte Jr. Status Conference is continued to 8/24/2018 01:30 PM before Judge Andre Birotte Jr. (gk) (Entered: 04/24/2018) |
| 05/18/2018 | 35 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Lauren Restrepo on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney Lauren Restrepo added to party USA(pty:pla))(Restrepo, Lauren) (Entered: 05/18/2018) |
| 08/14/2018 | 36 | (IN CHAMBERS) ORDER CONTINUING STATUS CONFERENCE by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. This Court, on its own motion, hereby CONTINUES the Status Conference from August 24, 2018, to Friday, August 31, 2018, at 1:30 PM before Judge Andre Birotte Jr. Defendant and counsel are ordered to appear on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 08/14/2018) |
| 08/24/2018 | 37 | STIPULATION to Continue TRIAL DATE AND FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT from SEPTEMBER 18, 2018 to NOVEMBER 20, 2018 filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza (Attachments: # 1 Proposed Order)(Restrepo, Lauren) (Entered: 08/24/2018) |

| | | |
|---|---|---|
| 08/30/2018 | 38 | ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. Jury Trial is continued to 11/20/2018 08:30 AM before Judge Andre Birotte Jr. Status Conference is continued to 10/26/2018 01:30 PM before Judge Andre Birotte Jr. (gk) (Entered: 08/30/2018) |
| 10/23/2018 | 39 | (IN CHAMBERS) ORDER CONTINUING STATUS CONFERENCE by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. At the request of counsel, the Status Conference is hereby continued from October 26, 2018, to Friday, November 2, 2018, at 1:30 PM before Judge Andre Birotte Jr. Defendant and counsel are ordered to appear on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 10/23/2018) |
| 11/01/2018 | 40 | NOTICE of Manual Filing of UNDER SEAL DOCUMENT filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza (Restrepo, Lauren) (Entered: 11/01/2018) |
| 11/01/2018 | 41 | SEALED DOCUMENT UNDER SEAL FILING filed by Plaintiff USA(yl) (Entered: 11/01/2018) |
| 11/01/2018 | 42 | SEALED ORDER SEALING DOCUMENT by Judge Andre Birotte. (yl) (Entered: 11/01/2018) |
| 11/01/2018 | 43 | SEALED DOCUMENT GOVERNMENT'S UNDER SEAL FILING. (yl) (Entered: 11/01/2018) |
| 11/02/2018 | 44 | MINUTES OF Change of Plea Hearing held before Judge Andre Birotte Jr as to Defendant Jesus Raul Salazar–Espinoza. Defendant sworn. Court questions defendant regarding the plea. The Defendant Jesus Raul Salazar–Espinoza (1) pleads GUILTY to Counts 1,2,3,and 4. The plea is accepted. The Court ORDERS the preparation of a Presentence Report. Sentencing set for 5/3/2019 01:30 PM before Judge Andre Birotte Jr. **The Court recommends that the defendant be seen, as soon as possible, to be given an examination for his diabetic condition.** Court Reporter: Chia Mei Jui. (yl) (Entered: 11/02/2018) |
| 12/18/2018 | 45 | NOTICE of Change of Attorney Business or Contact Information: for attorney Angel Navarro counsel for defendant Jesus Raul Salazar–Espinoza. Changing address to 1 S. Fair Oaks Avenue, Suite 401 Pasadena, CA 91105. Filed by defendant Jesus Raul Salazar–Espinoza (Navarro, Angel) (Entered: 12/18/2018) |
| 04/22/2019 | 48 | STIPULATION to Continue Sentencing Hearing Date from May 3, 2019 at 1:30 p.m. to September 6, 2019 at 1:30 p.m. filed by Defendant Jesus Raul Salazar–Espinoza (Attachments: # 1 Proposed Order)(Navarro, Angel) (Entered: 04/22/2019) |
| 04/23/2019 | 49 | ORDER RE: CONTINUANCE OF SENTENCING HEARING DATE 48 by Judge Andre Birotte Jr as to Defendant Jesus Raul Salazar–Espinoza that the Sentencing hearing in this case be continued to 9/6/2019 at 1:30 PM. (jp) (Entered: 04/23/2019) |
| 08/27/2019 | 50 | NOTICE of Manual Filing of UNDER SEAL DOCUMENT filed by Plaintiff USA as to Defendant Jesus Raul Salazar–Espinoza (Restrepo, Lauren) (Entered: 08/27/2019) |
| 08/28/2019 | 51 | SEALED GOVERNMENT'S EX PARTE APPLICATION for Order Sealing Documents; Memorandum of Points and Authorities; Declaration of Lauren Restrepo. (gk) (Entered: 08/29/2019) |
| 08/28/2019 | 52 | SEALED ORDER. (gk) (Entered: 08/29/2019) |
| 08/28/2019 | 53 | SEALED DOCUMENT – UNDER SEAL DOCUMENT. (gk) (Entered: 08/29/2019) |
| 08/30/2019 | 54 | (IN CHAMBERS) ORDER CONTINUING SENTENCING by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. This Court, on its own motion, hereby continues the sentencing in this matter from September 6, 2019, to Friday, September 20, 2019, at 1:30 PM before Judge Andre Birotte Jr. Defendant and counsel are ordered to appear on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cb) TEXT ONLY ENTRY (Entered: 08/30/2019) |

| | | |
|---|---|---|
| 09/16/2019 | 55 | STIPULATION to Continue sentencing Hearing Date from September 20, 2019 at 1:30 p.m. to November 8, 2019 at 1:30 p.m. filed by Defendant Jesus Raul Salazar–Espinoza (Attachments: # 1 Proposed Order)(Navarro, Angel) (Entered: 09/16/2019) |
| 09/18/2019 | 56 | ORDER RE: CONTINUANCE OF SENTENCING HEARING DATE by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. Sentencing is continued to 11/8/2019 01:30 PM before Judge Andre Birotte Jr. (gk) (Entered: 09/18/2019) |
| 11/03/2019 | 57 | EX PARTE APPLICATION to Continue Sentencing Hearing Date from November 8, 2019 at 1:30 p.m. to November 22, 2019 at 1:30 p.m.. Filed by Defendant Jesus Raul Salazar–Espinoza. (Attachments: # 1 Proposed Order) (Navarro, Angel) (Entered: 11/03/2019) |
| 11/06/2019 | 58 | ORDER RE: CONTINUANCE OF SENTENCING HEARING DATE by Judge Andre Birotte Jr. as to Jesus Raul Salazar–Espinoza. Upon Defendant's Ex Parte Application 57 , IT IS HEREBY ORDERED that the sentencing hearing date be continued to 12/6/2019 at 1:30 PM. (gk) (Entered: 11/06/2019) |
| 11/24/2019 | 59 | NOTICE of Manual Filing of Document, Application, Alternate Orders filed by Defendant Jesus Raul Salazar–Espinoza (Navarro, Angel) (Entered: 11/24/2019) |
| 11/26/2019 | 60 | SEALED APPLICATION to Seal. (gk) (Entered: 11/27/2019) |
| 11/26/2019 | 61 | SEALED ORDER. (gk) (Entered: 11/27/2019) |
| 11/26/2019 | 62 | SEALED DOCUMENT – DOCUMENT UNDER SEAL. (gk) (Entered: 11/27/2019) |
| 12/03/2019 | 63 | SENTENCING LETTER filed by Defendant Jesus Raul Salazar–Espinoza (Navarro, Angel) (Entered: 12/03/2019) |
| 12/06/2019 | 64 | MINUTES OF SENTENCING Hearing held before Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza. The transcript to the proceeding is sealed. Counsel may obtain a copy of the transcript without further order of the court. All others must obtain a court order. Defendant Jesus Raul Salazar–Espinoza (1), Count(s) 1 and 4, Defendant is committed on Counts 1 and 4 of the Indictment to the Bureau of Prisons for 180 months, consisting of 120 months on Count 1 and 60 months on Count 4, to be served consecutively. Supervised release for five years on each of Counts 1 and 4 of the Indictment, all such terms to run concurrently. Special assessment of $200. All fines are waived. Count(s) 2, 3, and 5, On the Government's motion, all remaining counts of the underlying Indictment are ordered dismissed. Defendant advised of right of appeal. See Judgment for further details. Court Reporter: Chia Mei Jui. (gk) (Entered: 12/10/2019) |
| 12/10/2019 | 65 | JUDGMENT AND COMMITMENT by Judge Andre Birotte Jr. as to Defendant Jesus Raul Salazar–Espinoza (1), Count(s) 1 and 4, Defendant is committed on Counts 1 and 4 of the Indictment to the Bureau of Prisons for 180 months, consisting of 120 months on Count 1 and 60 months on Count 4, to be served consecutively. Supervised release for five years on each of Counts 1 and 4 of the Indictment, all such terms to run concurrently. Special assessment of $200. All fines are waived. Count(s) 2, 3, and 5, On the Government's motion, all remaining counts of the underlying Indictment are ordered dismissed. Defendant advised of right of appeal. See Judgment for further details. (gk) (Entered: 12/10/2019) |
| 12/19/2019 | 67 | NOTICE OF APPEAL to Appellate Court filed by Defendant Jesus Raul Salazar–Espinoza re Judgment and Commitment,, 65 . IFP REQUESTED. (Navarro, Angel) (Entered: 12/19/2019) |
| 12/19/2019 | 68 | NOTIFICATION by Circuit Court of Appellate Docket Number 19–50377 as to Defendant Jesus Raul Salazar–Espinoza, 9th CCA regarding Notice of Appeal to USCA – Final Judgment 67 . (gk) (Entered: 12/23/2019) |
| 01/14/2020 | 69 | ORDER of USCA filed as to Defendant Jesus Raul Salazar–Espinoza regarding Notice of Appeal to USCA – Final Judgment 67 , CCA #19–50377. The motion of appellant's appointed counsel, Angel Navarro, Esq., to be relieved as counsel of record and for appointment of new counsel is granted. Counsel will be appointed by separate order. The Clerk shall electronically serve this order on the appointing authority for the |

| | | Central District of California, who will locate appointed counsel. See document for further details. (gk) (Entered: 01/15/2020) |
| --- | --- | --- |

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> Plaintiff/Appellee,<br><br>v.<br><br>JESUS RAUL SALAZAR-ESPINOZA,<br> Defendant/Appellant. | ) U.S.C.A. No. 19–50377<br>)<br>) U.S.D.C. No. 2:17-cr-00288-AB-1<br>)<br>) Central District of California<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>) |

I hereby certify that on December 2, 2020, I served the Appellant's

Opening Brief and the Volumes 1, 2, and 3 of the Excerpts of Record by

sending the same via e-mail, addressed as follows:

Lauren Restrepo

Assistant United States Attorney

Email: Lauren.restrepo@usdoj.gov

I also certify that on December 2, 2020, I mailed Volumes 1 and 2 of the Excerpts of Record by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the defendant/appellant as follows:

Mr. Jesus Raul Salazar-Espinoza,
Register Number: 74978-112
FCI Victorville Medium II
Federal Correctional Institution
PO Box 3850
Adelanto, CA 92301

The Opening Brief and Volume 3 were not served on the defendant/appellant at the request of the appellant and because those documents were filed under seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 2, 2020, at San Diego, California.

/s/ Andrea R. St. Julian

Andrea R. St. Julian